IN

# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

---

**EASTERN DISTRICT.**
NEW-ORLEANS, FEBRUARY, 1837.

---

MOURAIN *vs.* BEAUVAIS.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE
JUDGE OF THE SECOND PRESIDING.

MOURAIN
*vs.*
BEAUVAIS.

Payment made to the attorney on the record is a good payment.

The curator *ad hoc* cannot obtain an *ex parte* judgment against the person whose interest in a suit he was appointed to defend, for his fee or compensation.

This is an injunction suit. The plaintiff shows that the defendant had been appointed to defend her interest as curator *ad hoc* in an action of partition brought against her in her absence, and that he had, in an *ex parte* manner, obtained a judgment of the court, allowing him five hundred dollars for a part of his costs and expenses, which was paid over to the attorney who defended the suit. That notwithstanding this, the defendant has caused an execution to issue for the said five hundred dollars, under which the sheriff has seized a slave belonging to her, and is about to sell it. She prays for an injunction, perpetually restraining and prohibiting any

MOURAIN
vs.
BEAUVAIS.

further proceedings under or by virtue of said judgment, and for one hundred dollars in damages and costs.

The defendant answered, denying every thing alleged which was not specially admitted. He admitted his employment as curator *ad hoc* to represent the present plaintiff, who is an absentee, in the suit for partition, as alleged, and that an allowance of five hundred dollars was made him by the court, for his trouble and expenses, but denies that it was ever paid to him, or received by any authorized agent or attorney of his. He further avers, that so far from his having authorized any attorney or agent to receive this money, the order of court allowing it had since been annulled and set aside by the Supreme Court. He prays that the plaintiff's demand be rejected, the injunction dissolved, and that he have judgment against her for the sum of five hundred dollars in damages, &c.

The defendant further prays, that Thomas J. Cooley, the attorney, who is alleged to have received this money, be cited and made a party, that this fact may appear, and that judgment may be rendered against him in favor of this respondent, for the sum of five hundred *dollars*, on its appearing he has received it from the plaintiff.

Cooley excepted to the call made on him in warranty, on the ground that, by his own showing in his answer, the plaintiff is not entitled to call on him.

The plaintiff moved to have so much of the answer as relates to the call in warranty stricken out.

The evidence showed that the attorney who had defended the curator *ad hoc* in the partition suit, had received the fee allowed by the court for the defence. The receipts of the attorney to the agent of the plaintiff were filed.

Upon these pleadings and issues, and the evidence of payment, the district judge rendered judgment perpetuating the injunction. The defendant appealed.

*L. Janin,* for the plaintiff and appellee.

*Mitchell, contra.*

*Bullard, J.,* delivered the opinion of the court.

EASTERN DIST.

*February,* 1837.

MOURAIN
*vs.*
BEAUVAIS.

The facts which led to the present controversy will appear by reference to the case of Cooley *vs.* Beauvais, decided by this court last January term. 9 *Louisiana Reports,* 85.

It appears, in the present case, that Beauvais ordered out an execution against Madame Mourain, to coerce the payment of a sum of five hundred dollars, allowed him by the District Court, as her curator *ad hoc,* which was levied on a slave belonging to her. She procured from the District Court an injunction to stay proceedings, on the allegation that previous to the issuing of the execution, the sum thus allowed had been paid to the attorney of Beauvais.

The defendant, in the injunction in his answer, admits he was appointed curator *ad hoc,* and that a sum of five hundred dollars was allowed him for his trouble and expense in representing the plaintiff; but he denies that any part of the sum had been paid to his attorney, or that he ever authorized any agent or attorney to receive the same. He further alleges, that so far from having done so, the order of the District Court, making him that allowance, had been, on the 18th January, 1836, declared by the Supreme Court null and void, in a suit of T. J. Cooley against him. He therefore prays that the injunction may be dissolved, and that he may have judgment against the plaintiff and her security, jointly and severally, for the sum of five hundred dollars in damages. He further prays that T. J. Cooley may be made a party, and that should it appear that he had received the said sum from Madame Mourain, or her agent, in the name of, or as agent, or in any other character in which he may have assumed to represent the respondent, that judgment may be rendered in his favor against Cooley for that sum, with damages and costs.

The Court refused to issue process of citation to Cooley, and to make him a party, and a bill of exceptions was taken, and the injunction having been made perpetual, the defendant appealed.

We are of opinion the court did not err in overruling that part of the defendant's answer, by which he sought to make

EASTERN DIST. *February,* 1857.

MOURAIN
*vs.*
BEAUVAIS.

Payment made to the attorney on the record is a good payment.

The curator *ad hoc* cannot obtain an *ex parte* judgment against the person, whose interest in a suit he was appointed to defend, for his fee or compensation.

Cooley a party, as in the case of simple or personal warranty. Cooley either was or was not the attorney of Beauvais, in obtaining the judgment which he sought to enforce. If he was, the payment to him was a good payment, as alleged by the plaintiff in her petition, and the execution issued wrongfully. If he was not, then we are brought to the question how far an agent, or curator *ad hoc,* can be permitted to obtain an *ex parte* judgment against his own principal, and enforce it by execution. In either case we see no necessity for the attorney, real or pretended, being made a party. The professed object for bringing him in, was to compel him to pay over the amount, if he had acted as attorney or agent, or in any other way assumed to represent the defendant. That he was the attorney of record, on whose motion the allowance was made, is most manifest, and the defendant, by ordering out an execution, has ratified the act. But there is a singular inconsistency in the answer of the defendant. At the same time that he alleges that the Supreme Court has declared that part of the judgment null and void, he maintains his right to cause it to be enforced against the plaintiff. If his premises were true, that this court had annulled that part of the judgment, his conclusion should have been, that the execution be set aside; and as relates to Cooley, that he should be condemned to refund the money to Madame Mourain, and not to pay it over to himself. In every view of the case, we are of opinion that the District Court correctly perpetuated the injunction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.