## Mary Shea et al., Plffs. in Err., *v.* Pennsylvania Railroad Company, Lessee, etc.

A track laborer who, to avoid a passenger train, steps from one track

---

NOTE.—See the following editorial notes presenting the authorities on their respective subjects: Effect of assurance of safety given by the

to another instead of to the side of the track, assumes the risk of injury from trains on the other track; and for his death by being struck by such a train his widow and children cannot recover from the railroad company.

The supreme court will not for mere technical error reverse a judgment of compulsory nonsuit when it appears that the plaintiff has no cause of action.

(Argued February 1, 1888.   Decided March 19, 1888.)

January Term, 1888, No. 70, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.   Error to the Common Pleas of Montgomery County to review a judgment refusing a motion to take off a compulsory nonsuit and refusing a motion to strike off an amendment in an action of trespass on the case for negligence, June Term, 1887, No. 83.   Affirmed.

This was an action begun April 2, 1885, by Mary Shea, widow of Patrick Shea, deceased, and John and Mary Shea, minor children of the said Patrick Shea, deceased, by their mother and next friend, the said Mary Shea, against the Pennsylvania Schuylkill Valley Railroad Company.

The plaintiff's declaration, filed the same day, set forth, *inter alia,* that: "The said Patrick Shea, being lawfully engaged in his avocation as track repairer on said defendant's railroad, at or near Beatty's cut, in the county aforesaid, the said defendant did, then and there, to wit, on the 9th day of January, 1885, with their said steam engines or locomotives with cars attached, carelessly, recklessly, and negligently run into, move upon, and violently strike the body of the said Patrick Shea, injuring, wounding, and mutilating the same, in such manner

master or a coservant, note to McKee v. Tourtellotte, 48 L. R. A. 542; the rights of a servant who continues work on the faith of his master's promise to remove a specific cause of danger, note to Illinois Steel Co. v. Mann, 40 L. R. A. 781; assumption of danger of electric shock, note to Western U. Teleg. Co. v. McMullen, 32 L. R. A. 351; when risks outside scope of employment deemed to be assumed, Olsen v. Minneapolis & St. L. R. Co. 48 L. R. A. 803; assumption by volunteer of the risks of service, note to Evarts v. St. Paul, M. & M. R. Co. 22 L. R. A. 663.

See editorial note to O'Maley v. South Boston Gaslight Co. 47 L. R. A. 161. presenting the authorities on the question, *Volenti non fit injuria* as a defense.

that from the effects of said injuries, wounds, and mutilations he, the said Patrick Shea, instantly died."

The defendant, the Pennsylvania Schuylkill Valley Railroad Company, July 1, 1885, pleaded "not guilty;" the plaintiffs filed their replication; issue was joined, and the case was put on the trial list.

February 15, 1886, and May 3, 1886, continuances were granted.

December 6, 1886, the plaintiffs, by leave of court, amended their action by making "the Pennsylvania Railroad Company, lessee of the Pennsylvania Schuylkill Valley Railroad Company," defendant. On the same day counsel for both the original and the substituted defendant obtained a rule to show cause why the amendment should not be stricken off, and the court allowed an alias writ against the Pennsylvania Railroad Company, lessee of the Pennsylvania Schuylkill Valley Railroad Company. December 8, 1886, the alias writ issued, and was on January 3, 1887, returned "served."

On the same day the defendant obtained a rule on plaintiffs, to show cause why the alias writ should not be quashed.

Upon discharging the rule to show cause why the amendment should not be stricken off, BOYER, P. J., filed the following opinion:

"The averment which is the ground of this motion, to wit: Whether the action of the plaintiff, when the amendment was allowed, was barred as against the party added to the record, is a question which, under proper instructions from the court, must, as a question of fact, be submitted to the jury upon the trial, and cannot be disposed of upon the pending motion, by the court alone. For this reason, therefore, now, February 28, 1887, the motion is overruled. See Leonard v. Parker, 72 Pa. 236; Kaul v. Lawrence, 73 Pa. 410.

"The court was bound to permit the amendment, when offered."

The Pennsylvania Railroad Company then pleaded the statute of limitations (act of April 26, 1885) and "not guilty;" a replication was filed, issue was joined, and on June 22, 1887, the case was tried before BOYER, P. J.

The facts as they appeared from the plaintiff's evidence were as follows:

Patrick Shea was a track repairer in the employ of the Pennsylvania Railroad Company, on January 9, 1885, when the accident occurred. He, along with others in this gang, was engaged under the boss, James McLaughlin, in repairing the track a short distance west of Pott's station, a small station at which few trains stop. McLaughlin told them to get off the tracks. This was done by some properly getting clear of all the tracks into the ditch on the side of the road. Shea did not, but merely stepped from the east-bound track to the west-bound track. A train passed them on the former track. In a few minutes another came along on the west-bound track running on its schedule time, of which McLaughlin had notice. Several of the gang saw it approaching and got out of its way. Shea, although called to look out by several, did not, and was struck and killed.

The court entered a compulsory nonsuit, whereupon the plaintiffs moved to take off the nonsuit and to strike off the amendment. The court below, SWARTZ, P. J. (Judge BOYER having died in the interval), overruled the motions, and this was assigned as error.

*H. U. Brunner* and *Jacob V. Gotwalts,* for plaintiffs in error.—Suit was brought within the limit, allowed by the act of April 26, 1855; after amendment an alias summons issued and revived the original, on the principle laid down in McClurg v. Fryer, 15 Pa. 293.

Under the act of April 16, 1846, and the act of May 14, 1852, and its supplement, April 12, 1858 (Purdon's Digest, p. 93, pl. 2–4), the court has full power to amend at any stage of the proceedings, in order that the case may be tried on its merits.

In Smith v. Bellows, 77 Pa. 441, an action of assumpsit was amended by filing a *narr.* in tort for deceit. The cause of action being the same, the amendment was held .proper. The cause of action accrued more than six years before amendment, but not more than six years before bringing of suit; and it was held that the statute of limitations was not a bar.

In a suit against a partnership, the persons are the real parties, and not the firm. The proper persons being sued, a mistake in the partnership name and style is amendable and does not

draw the operation of the statute of limitations down to the time of suit. King v. Fox, 2 W. N. C. 196.

In Clement v. Com. 95 Pa. 107, the commonwealth was substituted as plaintiff.

In Downing v. Lindsay, 2 Pa. St. 382, the writ of summons was sued out more than six years after cause of action first accrued, and defendant pleaded the statute of limitations; but the plaintiff showed by the records a prior action against defendant alone within six years, and recovered. See also Barnhill v. Haigh, 53 Pa. 165; Heidelberg School Dist. v. Horst, 62 Pa. 307, 65 Pa. 35; and Leonard v. Parker, 72 Pa. 236.

Section 21, art. 3, Const. provides as follows: "No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes different from those fixed by general laws regulating actions against natural persons; and such acts now existing are avoided." What acts are avoided, if not that of April, 1855? Lehigh & W. Coal Co. v. Lear, 6 Sad. Rep. 272; Lewis v. Hollahan, 103 Pa. 425; Pennsylvania R. Co. v. Langdon, 92 Pa. 34, 37 Am. Rep. 651.

The acts of May 1, 1861, § 1 (P. L. 485), and February 27, 1870, § 1 (P. L. 31), authorizing railroad companies to lease other roads, and defining the rights and privileges of lessees, do not in any way exempt the lessors from liability in case of negligence of lessees.

If there is nothing in the act of assembly exempting and exonerating the lessors in such cases, then it is clear under Balsley v. St. Louis, A. & T. H. R. Co. 119 Ill. 68, 59 Am. Rep. 784, 8 N. E. 859, and the numerous cases there cited, in which the question is fully considered and discussed, that the lessor as well as the lessee is liable in case of damage by negligence. This action, therefore, could be maintained if brought within one year, against either defendants.

In Dick v. Indianapolis, C. & L. R. Co. 38 Ohio St. 389, where the liability of a railroad company for injury to one of its track repairers by the careless manner of running its train was in issue, and the train causing the injury was in charge of a conductor and engineer of the company, it was held error in the court to grant a nonsuit on the assumption that the negligence and carelessness causing the injury was that of a coemployee in the same service, and not that of the company. See also Chi-

cago, M. & St. P. R. Co. v. Ross, 112 U. S. 377, 27 L. ed. 787, 5 Sup. Ct. Rep. 184.

In Farwell v. Boston & W. R. Corp. 4 Met. 49, 38 Am. Dec. 339, the master is charged with: (1) The exercise of reasonable care in selecting and retaining sufficient careful and trustworthy servants to properly carry on the business in which the servant is employed; (2) the exercise of like care in establishing and promulgating proper rules and regulations for carrying on the business; and (3) the exercise of like care in not placing the servant in a more hazardous position than that for which he was employed, and to give him proper warning of his danger.

In Baxter v. Roberts, 44 Cal. 187, 13 Am. Rep. 160, it was held that if there be extraneous risks or danger known to the employer and unknown to the employee, which the employer does not communicate, the employee could not be held to have assumed the risk.

*Charles H. Stinson,* for defendant in error.—An amendment will not be allowed when on account of the statute of limitations it would work an injury to the opposite party. Trego v. Lewis, 58 Pa. 463; Kaul v. Lawrence, 73 Pa. 410; Leeds v. Lockwood, 84 Pa. 70; Kille v. Ege, 82 Pa. 102; Clement v. Com. 95 Pa. 107; Tyrrill v. Lamb, 96 Pa. 464; Duffey v. Houtz, 105 Pa. 96; First Nat. Bank v. Shoemaker, 117 Pa. 94, 2 Am. St. Rep. 649, 11 Atl. 304.

Article 3, § 21, Const. of 1874, does not avoid the act of April 26, 1855 (Purdon's Digest, 1268, pl. 5), limiting the time of bringing actions for damages for an injury causing death, to one year after the death. The act of April 26, 1855, is a general law, and is not affected by the new Constitution. The Harrisburg, 119 U. S. 199, 30 L. ed. 358, 7 Sup. Ct. Rep. 140; Kashner v. Lehigh Valley R. Co. 41 Phila. Leg. Int. 346; Wasson v. Pennsylvania Co. 25 Pittsb. L. J. 184; Lewis v. Hollahan, 103 Pa. 425.

In Lehigh & W. Coal Co. v. Lear, 6 Sad. Rep. 272, relied upon by the plaintiffs, the question was not raised.

An employer is not bound to indemnify the employee for losses suffered by the latter, in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer

in the same general business, unless he has neglected to use ordinary care in the selection of the culpable employee. N. Y. Civil Code, § 1006; Caldwell v. Brown, 53 Pa. 453; Weger v. Pennsylvania R. Co. 55 Pa. 460; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Baird v. Pettit, 70 Pa. 477; Mullan v. Philadelphia & S. Mail S. S. Co. 78 Pa. 25, 21 Am. Rep. 2; Lehigh Valley Coal Co. v. Jones, 86 Pa. 432; Reading Iron Works v. Devine, 109 Pa. 246; Reese v. Biddle, 112 Pa. 72, 3 Atl. 813.

Shea and McLaughlin were employees. If McLaughlin, whose duty as foreman was to notify the rest of the gang of the approach of trains, failed to give such notice, for his negligence the company is not responsible. Besides, the deceased had warning, and other employees who were closer to the approaching train had time to get off of the track, and if the decedent had gone back to his work, instead of looking at the train on the other road, this accident would not have occurred.

As to the manner in which the suit is brought, see Huntingdon & B. T. R. & Coal Co. v. Decker, 84 Pa. 419; Philadelphia, W. & B. R. Co. v. Conway, 112 Pa. 511, 4 Atl. 362; South Easton v. Reinhart, 13 W. N. C. 389.

PER CURIAM:

As the plaintiff in this case had no just cause of complaint against the railroad company, the question of amendment is of no manner of consequence.

Judgment affirmed.