## APPEAL OF MARIA E. LEIBERT.

[See preceding case.]

FROM THE DECREE OF THE ORPHANS' COURT OF NORTHAMPTON COUNTY.

Argued March 6, 1888—Decided April 9, 1888.

Land of an intestate decedent, bound by a mortgage securing his own debt, was awarded in partition proceedings at its full value to an heir who, in addition to a recognizance filed, gave bonds to the other heirs

for the amounts of their several interests. The personal estate, sufficient for the payment of the mortgage and of all other debts of the decedent, was misapplied.

The recognizor paid the interest upon the mortgage for thirteen years, when judgment was obtained by scire facias thereon and the land sold at sheriff's sale. On petition to the Orphans' Court the recognizor then prayed for a decree vacating the proceedings in partition, on the ground of an eviction, and to be restored to her original rights as an heir: Held,

1. That, though the mortgage was a lien upon the land, the debt secured by it was payable like all other debts of the decedent out of his personal estate, exclusively, in the first instance.

2. Yet, the recognizor, having neglected to require payment of the mortgage debt by the administrators, and, treating it for so long a time as practically her own debt, suffered the land to be sold at judicial sale, she had now no equity to require either an abatement of the bonds or the vacation of the decree in partition.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 177 July Term 1887, Sup. Ct.

On January 3, 1887, Maria E. Leibert, wife of R. W. Leibert, presented her petition to the Orphans' Court setting forth, in substance :

That Charles L. Knauss, of Bethlehem, died August 13, 1859, intestate, leaving a widow, Matilda L. Knauss, and three children, Cornelius M., Charles Henry and Maria E., the petitioner, and that letters of administration issued to said Cornelius M. and Charles Henry Knauss and R. W. Leibert; that Charles Henry died intestate October 3, 1886, leaving a widow, Helena, and a daughter, Matilda Mary; and the widow of Charles L. Knauss died on March 3, 1871, and afterward, by proceedings in partition in said court, a house and lot in Bethlehem of the estate of said Charles L. Knauss was awarded to the petitioner at the valuation of $11,860, and petitioner had entered into a recognizance and executed bonds to the other heirs for their respective interests; that the share of Cornelius M. Knauss, who had received a bond for $3,953.33, had been paid in full by set-offs and mutual accounts; that the personal estate of the decedent was afterwards settled by the surviving administrators, when it appeared that Charles Henry Knauss was indebted to the estate in the sum of $1,147.92, the whole

amount of which was due and owing to your petitioner, and the petitioner believes and expects to show that there is nothing due on the recognizance and bond for $3.953.33 given to the guardian of Matilda Mary Knauss, the heir at law of Charles Henry Knauss: Further, that at the time of said partition proceedings, January 26, 1872, the real estate awarded to the petitioner was bound by a mortgage of the decedent to Philip H. Goepp, for $2,500, which mortgage was to have been paid by the administrators out of the personal property of the intestate ; that the petitioner paid the interest on said mortgage from the time she was awarded said real estate until April 1, 1885 ; that on February 22, 1886, the assignee of said Philip H. Goepp foreclosed the said mortgage and sold the real estate of the petitioner to Joseph M. Leibert, for $7,500, out of which the sheriff paid the said mortgage and interest, to wit, $2,650, and costs, $290, leaving a balance of $4,560 for distribution, and that, by reason of the failure of said administrators to pay said mortgage, the petitioner lost her title and ownership of the real estate so adjudged to her: Praying the court as follows :

1. To order and decree that all the said proceedings in partition, by which the said real estate or purpart of the said C. L. Knauss, deceased, was adjudged to her, be void and of no effect, and that your petitioner be remitted to her original rights the same as if no partition had been made.

2. That the sheriff be ordered and decreed to pay the said balance in his hands into the Court of Common Pleas, to be transferred into the Orphans' Court for distribution, and

3. That the sheriff be enjoined from paying out the said balance to any person without the order of the court.

Upon the filing of this petition, service of a rule granted was accepted, and the proceeding was referred to *Mr. P. C. Evans*, already appointed commissioner by the Court of Common Pleas to make distribution of the fund in the sheriff's hands under the writ from that court, with directions to report a decree to the Orphans' Court: See preceding case.

Mr. Evans, the commissioner, subsequently filed a report finding the facts appearing in the statement of the facts of the preceding case, ante 518, and, discussing Peck v. Jones, 70 Pa. 85 ; Dresher v. Water Co., 52 Pa. 225 ; Horner v. Hasbrouck,

41 Pa. 169; Commonwealth, to use, v. Hantz, 2 P. & W. 333, and Groff v. Groff, 14 S. & R. 181, ruled that by the sale on the mortgage in the Common Pleas, there was no sale of the title of the ancestor, but a sale of the title of the heirs obtained by Mrs. Leibert under the partition proceedings, and found that the petitioner had not been evicted by a paramount title; that, therefore, the proceedings in partition were not avoided, that the petitioner's defence was to the action on the bond, and that she took the real estate subject to the decedent's mortgage, recommending a decree that the petition be dismissed.

On March 7, 1887, exceptions filed by the petitioner to the report of the commissioner were dismissed by the court, REEDER, J., in an opinion, which after a recital of the facts stated ante 518, was as follows:

The claim of Mrs. Leibert rests upon the decisions of the Supreme Court to the effect that, where land is taken at the appraisement in proceedings in partition in the Orphans' Court, and the heir taking it enters into a recognizance to the other heirs, and takes possession and holds the same, receives the rents and profits, and afterwards the land is sold on a judgment obtained for the debts of the ancestor, the heir who took is thereby discharged from paying the appraised value, and is accountable to the other heirs only for their proportion of the rents and profits; citing Cox v. Henry, 32 Pa. 18; Commonwealth v. Hantz, 2 P. & W. 333; Groff v. Groff, 14 S. & R. 181; Seaton v. Barry, 4 W. & S. 183; Custer v. Detterer, 3 W. & S. 28; Com. v. McIntire, 8 Pa. 295; Horner v. Hasbrouck, 41 Pa. 169.

That this is the law of Pennsylvania cannot be successfully controverted. It rests solely upon the claim of equity. Where there has been an eviction because of an incumbrance upon the inheritance created by the ancestor, it would be inequitable to make the heir to whom the land was allotted pay the whole debt. It should be paid out of the entire estate, and the other heirs should be made to pay their proportion of such debt. The decisions relied upon by the defendant emanate solely from the determination of our courts of equity to preserve the equities of all the parties in interest.

But as the Orphans' Court has equity jurisdiction, we must consider all the equities of the parties in interest, and where the equities of others rise superior to the equity of the one taking the inheritance, her equity must give way to the superior equities of the others.

In this case Richard W. Leibert, the husband of the petitioner, was one of the administrators of the estate. He filed an account, in which, among the credits, appears the following item: "Assumed S. Wolle mortgage, $2,500." Assumed by whom? Maria E. Leibert had already been awarded this property in the proceedings in partition. The mortgage rested upon her property. She paid the interest on that mortgage from the date of her acceptance (with the exception of $150) until the writ of levari facias was issued, more than fourteen years. The mortgage could be "paid" to Sylvester Wolle, trustee, etc. It could be "assumed" by no one but Maria E. Leibert. Richard W. Leibert ostensibly takes that $2,500 to pay somebody. The heirs are deprived of it. The mortgagee does not get it. Either he paid it to his wife and she assumed the mortgage, or he wrongfully withheld and appropriated it from the funds of the estate of which he was the administrator. I do not think it necessary to decide which it was, for the purposes of this decree. Concede that he never transferred this $2,500, that he takes credit for, to his wife, and who has the superior equity? She knew either actually or constructively, that her husband had accredited himself in the settlement of his account with the payment of this money. She knew of the manner in which it was accredited. She knew whether it was assumed by her or not. She knew it was not paid, for she paid the interest on the mortgage for thirteen years after the account was filed. She knew these facts, and she was the only one who could have known them. Yet for fourteen years she kept silent. She knew that the mortgage was not paid, that she had not assumed it, and that her husband. had taken credit for it, and yet she said nothing. She knew a fraud had been committed, and yet she did nothing to protect the interests of herself and the other heirs. The others knew nothing. They could not know that she had not "assumed" the mortgage and been paid the $2,500, or that the mortgage had not been paid. They knew that the amount to

pay it had been withheld from them. But that is all they knew. The facts were all within her knowledge, and yet she stood by, silent, a witness to her husband's fraud for thirteen years, a fraud that was only possible because of her silence. Now she asks for protection from this very debt; that this court, in the exercise of its equity powers, avoid the proceedings in partition to give her relief from the injury which this act of her husband will entail upon her, who alone made the fraud possible. The motion must be denied, because the equities of the others rise to a towering height over hers.

The petition of Maria E. Leibert is dismissed.

Thereupon, the petitioner took this appeal (argued with the preceding cause), and specified that the court erred:

1. In dismissing the petition of Maria E. Leibert, the appellant.

2. In not setting aside the proceedings in partition in the estate of C. L. Knauss, deceased, so far as the same related to the acceptance by the appellant of the mansion house and lot of land of said decedent, as prayed for in the petition.

3. In not reducing the amount of the recognizance of the appellant to the appellee by one third of the amount of the mortgage of the decedent, and interest paid by the appellant.

*Mr. Robert L. Cope*, for the appellant:

1. Every partition and exchange imply a warranty of title, at the election of the party: Feather v. Strohoecker, 3 P. & W. 508; Seaton v. Barry, 4 W. & S. 183; Weiser v. Weiser, 5 W. 281; Rawle, Cov. for Title, 5th ed., § 277. The acceptant is entitled at law to insist upon such implied warranty, and may avoid the partition and be remitted to his original rights, accounting, however, to the other heirs for their proportion of the rents and profits during his occupancy: Commonwealth, to use, v. Hantz, 2 P. & W. 333; Goepp's App., 15 Pa. 421; Groff v. Groff, 14 S. & R. 181; Steinhauer v. Witman, 1 S. & R. 437; Christy v. Reynolds, 16 S. & R. 258; Drinker v. Byers, 2 P. & W. 528; Forester v. Gillam, 13 Pa. 340.

2. Mrs. Leibert had no defence when suit was brought on her bond, for she had not been evicted, nor had she paid the incumbrance.: Myers v. Brodbeck, 110 Pa. 120; Knepper v.

Kurtz, 58 Pa. 480; Patton v. McFarlane, 3 P. & W. 419. But as long as the money on her recognizance is not paid, the recognizee may be restrained from collecting it, if there has been an eviction upon a prior incumbrance: Steinhauer v. Witman, 1 S. & R. 437 ; Drinker v. Byers, 2 P. & W. 528. .

3. The court below, however, denied the relief prayed for, upon the ground that the other heirs had superior equities, which ruling is discussed in our argument in the preceding case. Suffice it to say that there does not seem to be anything to operate as an estoppel against the petitioner. She had no superior opportunities of knowledge; she suggested no falsehood; she misled no one. If she is to be held responsible for the malfeasance of her husband, then the court below may be correct; otherwise the court below was wrong.

*Mr. Henry W. Scott* (with him *Mr. T. B. Metzgar*), for the appellee:

1. The partition of 1872, invested the acceptor with the title of the other heirs. It did not transfer the title from the decedent to her: Dresher v. Water Co., 52 Pa. 225. She knew of the incumbrance ever since the decree, because she paid the interest on it. She mortgaged the premises on October 10, 1885, for $2,000. Our judgment on the bond accompanying the mortgage remains unreversed. The sheriff's sale was upon the mortgage of the ancestor and upon the judgment against the petitioner. In equity the laches of complainant always bars relief, and what equity has she to be heard on her petition to vacate the partition decree, unless she could place all parties as they were when it was made ?

2. Assuming that there was an incumbrance on her title, that it was immaterial whether she knew it or not, and that there was a warranty implied on the part of her co-heirs, all of which is denied, still she had her day in court to show this when suit was brought on her recognizance or bond: Groff v. Groff, 14 S. & R. 181; Commonwealth, to use, v. Hantz, 2 P. & W. 333; Blanchard v. Commonwealth, 6 W. 309; Seaton v. Barry, 4 W. & S. 183.

OPINION, MR. JUSTICE GREEN:

A part of the land of the deceased, Charles L. Knauss, was awarded to the appellant upon proceedings in partition on Jan-

uary 26, 1872, and her recognizance and bonds were given on the same day to secure the shares of the other heirs. The administrators of Charles L. Knauss filed their account on May 9, 1873, showing a balance of personal estate in their hands of $19,159.47 for distribution. The estate was perfectly solvent, and the administrators and their sureties were liable for the faithful application of the amount in their hands, first to the payment of all debts and second to distribution among the heirs.

It is undoubtedly true that the appellant as acceptor of part of the intestate's real estate could have applied by petition to the Orphans' Court to have the amount of the recognizance and bonds given by her abated sufficiently to pay the Goepp mortgage if she had chosen to do so. That mortgage was given in 1853 and was duly recorded. It was not paid at the death of the intestate, and it was an open lien against the land accepted by the appellant, of which she had constructive notice by the record, and actual notice also. This being so, she was entitled to have the mortgage discharged out of the valuation money of the land if necessary. But there was ample personal estate for the payment of all the intestate's debts. Although the mortgage was a lien upon the land, the debt which it was given to secure was payable, like all other debts of the intestate, out of his personal estate exclusively in the first instance. It was only in the event that there was no personal estate applicable to that purpose that the land could be resorted to. If then the appellant had applied by petition to the Orphans' Court to have her recognizance and bonds abated for the payment of the mortgage debt, her petition must have been refused, because there was ample personal estate applicable to its payment. The other heirs would have had the right to resist, as they naturally would have done, any abatement of their bonds for the payment of the mortgage.

But the appellant, although she was one of the heirs and distributees, as well as acceptor of the land, and, in either of these capacities, could have compelled the payment of the mortgage by the administrators, did not see fit to exercise that right. On the contrary, she practically treated the mortgage as an obligation which she was bound to pay, by paying interest on it for nearly fourteen years. She slept during all this time upon whatever rights she had to have the mortgage paid.

Her husband, who was one of the administrators, took credit for it in his account as being paid by him by an assumption of it. The other heirs were thus, by the acts of both the appellant and her husband, lulled into inaction, so that they have now lost the opportunity to have the mortgage extinguished out of the personal estate, in consequence of the subsequent insolvency of the administrators. For the reason above stated the appellant was disabled from having the relief she now seeks at the inception of her title. To this she has added the further disability of thirteen years' inexcusable laches. In such circumstances it would be a manifest perversion of justice to compel the appellee to submit to any abatement of his ward's bond for the purpose of paying any part of the mortgage debt. As to vacating the original partition proceedings at this late day because the mortgage has now been enforced against the land, it is impossible by reason of the rights which have grown up out of those proceedings, inequitable to the last degree, and not to be tolerated for a moment upon any suggestion appearing upon this record. The principles and authorities relied upon in the elaborate argument of the learned counsel of the appellant have no application in such a case as this. They are intended for the furtherance of justice in cases which require their use, but to apply them in such a case as this would be a gross injustice.

> The decree of the court below is affirmed, and the appeal dismissed at the costs of the appellant.