SCHUBERT LODGE, No. 118, KNIGHTS OF PYTHIAS OF
NEW JERSEY,

*v.*

SCHUBERT KRANKEN UNTERSTURZEN VEREIN, CLEMENS
CHNELL and seven other individual defendants.

[Filed August 21st, 1897.]

1. Printed copies of the constitution and laws of a beneficial order, in the hands of the secretary of the grand lodge of the state, sent for his guidance and use by the secretary of the Supreme Lodge of the World, are presumed to be genuine and accurate.

2. Moneys received by the subordinate lodge of a beneficial order were held in trust, to be used for lodge expenses and dues, for sick benefits, and for burial expenses of members. A majority of the members of a subordinate lodge disbanded and surrendered their lodge charter, first, however, making a present of the funds in the treasury to a sick benefit society which they had formed independently of the order.—*Held,* that such a disposition constituted a wrongful diversion of the funds.

3. The provisions of the constitution and laws of a beneficial order concerning the disposition of the funds of subordinate lodges form a contract between the members of an incorporated subordinate lodge, so that the failure to dispose of its funds in accordance with those provisions is a breach of contract.

4. The fact that a supreme lodge of a beneficial order has broken its contract with the members of a subordinate lodge, by refusing to allow them to use the German language for their ritual and records, is no justification for the diversion by those members of the funds of the lodge held in trust for the purposes of the order.

---

Heard on bill, answer and proofs taken before a master.

*Mr. De Witt C. Bolton,* for the complainant.

*Mr. William B. Gourley,* for the defendants.

PITNEY, V. C.

Complainant is an incorporated benevolent association, and belongs to the order of the Knights of Pythias. That order consists of a Supreme Lodge of the World, incorporated under

a statute of the United States, and of several grand lodges subordinate to it, located in different states of the Union, among which is the Grand Lodge of the State of New Jersey; and then of numerous subordinate lodges acting under a charter from one of the grand lodges. *Grand Lodge, Knights of Pythias of New Jersey,* v. *Germania Lodge, No. 50, Knights of Pythias, ante p. 63.* Complainant is a subordinate to the Grand Lodge of New Jersey.

The bill alleges and the answer admits that the complainant herein is a corporation created and existing under the laws of the State of New Jersey. In that respect the case differs from the case developed in *Grand Lodge* v. *Germania Lodge,* where Germania Lodge was an unincorporated association. The bill does not state how or when the complainant was incorporated, but, presumably, it was done under the "Act to authorize the incorporation of benevolent societies." *Gen. Stat. p. 149.* In other respects the case developed herein much resembles that of *Grand Lodge* v. *Germania Lodge.*

The same volumes containing the constitution and laws of the order were put in evidence here as were admitted in the case of *Grand Lodge* v. *Germania Lodge.* Objection was made in argument to the sufficiency of the proof of the printed books of the constitution and laws of the order. They were proven to be genuine by the grand secretary of the state lodge, who received them in due course of business from the secretary of the supreme lodge for guidance and use by the grand and subordinate lodges of New Jersey. The presumption of their genuineness and accuracy results from their origin and custody.

The complainant was organized as a German lodge by persons, with a single exception, who spoke the German language; and the understanding that its work was to be done and its proceedings carried on in the German language was an inducement to all the members who joined it. Its by-laws were adopted in the German language, and so approved by the grand lodge of the state, and books of ritual were furnished to it by the grand lodge, printed in the German language.

I think it sufficiently appears that for the first two years, at

least, of its existence, its use of the German language was by the permission, either express or implied, of the grand lodge of the state.

In 1892 the supreme lodge, the superior of the grand lodge, made some order directing the German lodges to discontinue the use of the German, with the result that the German ritual books which had been furnished them were demanded by the chancellor of the grand lodge, and were delivered up by the complainant. The different subordinate German lodges of the country united in an effort to reverse the action of the supreme lodge, and were finally defeated. This angered a great majority of the members of complainant lodge, and they resolved quietly to rebel, throw off the yoke of the grand lodge, dissolve the Schubert Lodge as such, and surrender its charter, but not to permit the grand lodge to obtain the funds which they had on hand, amounting to about $800. They were aware that upon the dissolution of the lodge and the surrender of its charter the grand lodge became entitled, by the constitution and laws of the order, to all their property and funds. In that view they formed (as in the case of Germania Lodge, No. 50) a society called the Schubert Kranken Untersturzen Verein (Sick Benefit Society), and, by resolution, made a present of $800 to that society, which was substantially all of their funds.

The members of the complainant lodge were not unanimous in this action, and a small number (nine) refused to vote for or to approve it. The charter was sent to the grand lodge, but, upon investigation, the officers of the grand lodge found that there were this number of eight or nine still remaining loyal to the order, and redelivered the charter to them, and the organization, under the dominion of the grand lodge, has been kept up.

This bill was filed to recover the funds. They had been deposited in a savings bank to the credit of three or more of the individual defendants, and were there stayed by the injunction of this court, and the dispute is as to the right to those funds.

It was not disputed but that these funds were the result of the accumulation of dues paid in by members of the order, and that they became at once impressed with a trust, the terms of

which are to be found in the constitution, laws and by-laws of the order, and that they cannot be applied to any use except those defined in those instruments. Those uses are, first, to pay the expenses of the lodge and dues to the grand and supreme lodges; second, to make payments to sick members; and third, payment of expenses of burial of deceased members. And all such payments are to be made only after certain formalities have been complied with.

On this simple statement, as in the case of *Grand Lodge* v. *Germania Lodge*, the breach of trust appears manifest.

Two defences are set up. First, that the gift to the Kranken Untersturzen Verein was justifiable under the decision in the case of *Lady Lincoln Lodge* v. *Faist, 7 Dick. Ch. Rep. 510*. But in that case the appropriation called in question was to a new lodge formed of members of the old lodge, and owing and acknowledging allegiance to the supreme lodge and subject to its constitution and laws. It was held that the appropriation so made did not have the effect of changing or breaking the trust to which the funds were subject, and, besides, the terms of the trust in that case were not so strict and exclusive as in the present case. And it may be remarked that it is manifest that the learned vice-chancellor felt that in approving the action of the members of the lodge in that case he went to the very verge of safety.

The second ground of defence is that there was an implied contract between the members of Schubert Lodge and the supreme lodge that the proceedings of the subordinate lodge might be conducted in German, and that such contract was not subject to a right of variance by subsequent action of the supreme lodge, though such right of variance was expressly reserved by the constitution of the supreme lodge; that the supreme lodge had deliberately broken the contract by forbidding the use of the German language, and hence absolved the Schubert Lodge from all allegiance to the supreme lodge and all obligations to observe the laws and constitution thereof.

I think this position is untenable for reasons which do not involve an inquiry as to whether there was, in fact, such a con-

Schubert Lodge v. Schubert Kranken Untersturzen Verein.

tract and breach thereof as is alleged by the defence. In the first place, it is to be observed that the Schubert Lodge, being not only organized under the constitution and laws of the order, but also incorporated under the laws of the state, the constitution and laws of the order not only defined the terms upon which the funds of the lodge were held in trust, but also formed a contract between the different members of the lodge; and a breach of the contract between the Schubert Lodge and the supreme lodge, if there ever was such contract, could not have the effect of altering the terms of the trust and contract between the members of that lodge. Each member of the lodge was interested in those funds, and none of them could be diverted from the purposes to which they were devoted, without the consent of every individual member. Such consent was not had. And the well-settled rule in such cases is that the rights of the minority who stand by the regular organization must be respected.

In the second place, the alleged breach of contract did not justify any such action as was taken. The most that could result from it was a right on the part of the Schubert Lodge to refuse to obey the grand lodge by giving up, as it did, its German rituals and the use of that language. On the theory of the defendants the right of the members of Schubert Lodge was to continue to use the German ritual and to record their proceedings therein, and to claim and exercise the right to exist as a subordinate lodge of the grand lodge, notwithstanding the adoption of the statute which forbade the use of the German language. On the theory of the defendants that statute was void as to Schubert Lodge and need not have been observed by it.

The complainant corporation has never lost its identity and organization. The funds in question belong to it, and must be so decreed, with costs against the defendants.