FRED FRANTZ

    VS

No. 8669

A. LEVITAN FURNITURE CO. et al

May 22d, 1922.

CHARLES F. CLAIBORNE, JUDGE.

This is a damage suit against a tenant for holding over after expiration of his lease, notwithstanding notice to vacate.

The plaintiff alleged that he was the owner of the property No. 1200 Dryades Street, that the defendant occupied said house under a lease expiring September 30th, 1921, at the rate of $125 a month; that the lease provided that the lessees should vacate the said premises upon the expiration of said lease; that some time prior to September 30th, 1921 petitioner leased said premises to S. S. LeBlanc & Co. for a period beginning October 1st, 1921 at $175 a month; that at the expiration of their lease the defendants remained in possession of said premises and refused to vacate the same notwithstanding notice to vacate; that it was necessary for petitioner to take legal steps to evict the defendants by a suit No. 99,683 of the First City Court, and by a second suit No. 138,890 of the Civil District Court; that in said Court there was judgment in favor of petitioner from which the defendant appealed to the Court of Appeal for Orleans Parish which affirmed the judgment: in suit No. 8,424; that in said appeal the bond for $2,000 was signed by Jack Gordon as surety; that the refusal of said defendants to vacate said premises at the expiration of their lease was malicious and illegal and done with intent to harass and injure petitioner by defendants who knew that the premises had been leased to S. S. LeBlanc and his partner D. L.Ivy as above stated; that the defendants remained in possession of said premises during the whole of the month of October; that by

reason thereof LeBlanc could not take possession until November 1st, 1921; that the said LeBlanc & Ivy rented said premises for the purpose of conducting a retail grocery therein; that they resigned their positions where they were earning $100 a month; in order to undertake that business; that they remained idle during the whole of October; that petitioner is liable to said LeBlanc and Ivy for said $200; that he is also liable to them for their loss of trade amounting to $1300; that petitioner has also suffered the loss of $175 representing the rent which LeBlanc and Ivy would haze paid him had they occupied said premises; that he also paid $16 costs in his suits against the defendants; that he also expended $300 attorney's fees in prosecuting his ejectment suits against defendants; making in all the sum of $1,991.50 which the defendants owe him and refuse to pay.

It therefore appears that plaintiff's claim consists of the following items:

| | | |
|---|---|---|
| 1o | October rent | $ 175.00 |
| 2o | Attorney's fees | 300.00 |
| 3o | Costs of Court | 16.b0 |
| 4o | Liability to LeBlanc & Ivy | 1500.00 |
| | Total | $1991.50 |

From a lenghty answer, extended over forty-three paragraphs, we gather that the defendants admitted owing $176, which they tendered, and pleaded no cause of action and a general denial to all the other items.

"The Court having heard counsel for plaintiff on the pleas or exceptions of no cause of action for all of the items except $175 for rent and $1.00 for notice to vacate, sustained the exceptions, leaving the cause to proceed upon the question of costs only".

There was judgment in favor of plaintiff for $176, at his costs, and he has appealed.

I. There is no dispute as to the correctness of the judg-

ment in favor of plaintiff for $176.

II. As regards the claim for attorney's fees the learned judge of the District Court gave the following reasons:

"On the trial of the case, the Court first heard the argument on the exception of no cause of action to the items enumerated as to attorney's fees. It is the opinion of the Court that attorney's fees can only be recovered in litigation in those cases in which the law specially provides for their recovery, and the Court has never been pointed to any law which gives to a landlord the right to recover attorney's fees for eviction suit. The eviction is specially provided for in a very recent statute of 1920, I think, or 1918. I have it not before me, in which this process is elaborately provided for, and in which there is no hint, that the landlord is entitled to attorney's fees, for procuring eviction. I know of no special law nor of any general law that gives it. I am referred by counsel for the plaintiffs to the case of Jackson Brewing Co. vs Wagner, 123 La. 798, and to the case of Harper vs Pflug, 37 A. 904. A reading of these cases shows that the claim for damages was made up of a number of items, and in each one of them, was a claim for attorney's fees, but that no question was raised by the defendant as to the right of the plaintiff to recover attorney's fees; the matter was never called to the attention of the Court, and that the judgment gave a lump sum for the damages suffered. I cannot believe that, if an exception of no cause of action had been leveled at the time to those two items of attorney's fees, in those cases, and properly presented and argued to the Court, that the attorney's fees would have been allowed. I do not believe it was the intention of the Court to make Jurisprudence on the subject of the allowance of attorney's fees in those cases; therefore I refuse to follow

411

* Presented for rehearing for plaintiffs' attorneys
my transcript for plaintiffs' attorneys
Jan 10a/563 / Sept/App 238 -
14 a 193

or to be bound by them in so serious a matter as this, where the consequences are so far reaching, and prefer to have this matter brought directly to the attention of the Court of Appeal, and from that Court by certiorari to the Supreme Court, and when the matter has been presented and argued to the Court, and if that Court, admittedly knowing what it is doing, and realizing the consequences of such a decision, chooses to allow attorney's fees in this case, then I will follow them. The exception of no cause of action as to the attorney's fees is maintained".

In the case of Smith vs Bradford, 17 La. 263 (266). the Supreme Court, inreversing a judgment allowing plaintiff in injunction $500 as attorney's fees, said:

"we know of no law sanctioning the allowance of anything beyond the ordinary costs of Court to be paid by the party cast".

This decision was affirmed by name in 19 La. 358; 13 A. 327, 502; 18 A. 329 and 52 A. 1072.

In a petitory action counsel fees cannot be allowed. 145 La. 163. 14 a 193

In an ordinary suit attorney's fees are not allowed as costs or damages. 126 La. 187 (193).

This decision was based upon the following precedents: 10 A. 562 (564); 12 A. 239; 13 A. 326; 14 A. 311, 702, 738, 757, 826; 15 A. 517; 18 A. 321 (329); 19 A. 468: 28 A. 729, 878; 34 A. 61; 35 A. 466, 694, 1018; 36 A. 132; 37 A. 479; 42 A. 890; 48 A. 992; 51 A. 451; 52 A. 1535: 124 La. 871; 125 La. 525.

Attorney's fees cannot be recovered in a suit for specific performance. 124 La. 870 (871).

"In general, the law considers the taxed costs as the only damages which a party sustains by defense of a suit

against him, and these he recovers by the judgment in his favor". 13 A. 193; 12 A. 714.

Plaintiff delivered to defendant a locomotive with the understanding that, at the end of twelve days, defendant was either to return it or pay the price. Defendant refused to do either. Plaintiff sued for a return *for attorneys fees* and for $250 attorney's fees as damages. Held, the claim is untenable. 39 A. 929; 38 A. 347.

But the precise question was practically decided in Jackson Brewing Co. vs Wagner, 123 La. 798. In that case the plaintiff had sued the defendant, his tenant, in ejectment. The suit was dismissed by the Supreme Court as premature. The plaintiff then brought a second suit, in which he obtained judgment against the defendant. *The latter* He appealed and the judgment was affirmed. During all the time of this protracted litigation defendant retained possession of the leased premises. Plaintiff then filed a third suit for the following items:

| | |
|---|---|
| 21 months at $250 | $ 5,250.00 |
| Attorney's fees incurred in ejectment suits | 75.00 |
| Costs of briefs in same | 15.30 |
| Making a total of | $ 5,340.30 |

We gather from the briefs in the case that the District Court charged the jury specifically

"that plaintiff was not entitled to recover the attorney's fees and briefs incurred in the suit for defendant's ouster".

The jury returned a verdict in favor of plaintiff for 21 months at $120 or for $2,520. The Supreme Court increased the rent from $120 a month to $200, or in all $4200, and as thus amended the judgment was affirmed, although plaintiff, in his brief, had urged his claim for attorney's fees, and had quoted in support of it Harvey vs Pflug, 37 A. 904. *See also 16 a 24*

The plaintiff in this case also relies upon Harvey vs

Pflug. But there is nothing in that case to show that either the jury or the Supreme Court, in the amount allowed plaintiff, included attorney's fees. The only reference of the Court of that item is as follows:

"She (plaintiff) has paid $150 attorney's fees, and assuming that they are included in the verdict a small sum would seem to have been allowed for lost improvements. At any rate, however, the jury may have made up the sum, we are satisfied the total is what it should be".

This language is not sufficient to entitle the plaintiff to attorney's fees in the face of the overwhelming jurisprudence to the contrary.

The plaintiff also relies upon the line of authorities which would give a cause of action against a party who acts in bad faith and who foments litigation maliciously to harass the other party. The evidence does not establish that the defendants acted purely in bad faith. They failed in their defense for lack of evidence, as they must under the law. But for aught we know they may have been right. They cannot be penalized for attempt- ing to exercise a legal right. On this question the burden of proof was upon the plaintiff and he has failed. *123 La 26*

Plaintiff also relies on Cooper vs Cappel, 29 A. 214. This was a damage suit for trespass, for the illegal taking away of plaintiff's property and for assault and battery upon their person - an offense in every sense of the word. This case is criticised in 51 A. 457 and called "exceptional" on account of the facts of the case. In the Cooper case the Court was passing upon the rights of parties resulting from an offense; The case before us grows out of a breach of contract , and the rules of law applicable to the latter must govern. Defendant's possession did not originate by violence or trespass, or any illegal act. 38 A. 347 *In line with 29 a is 106 La 304 —*

*[handwritten left margin notes]* " *She equally certain that it is not the policy of the law to prevent or deter parties from exercising their legal or supposed rights, through the apprehension of damages or penalties in the event of failure of defending their real or supposed rights.* "

414

We therefore conclude that plaintiff is not entitled to attorney's fees.

III. As to the costs of Court, these have already been adjudicated upon in the two suits in which they were incurred. The fixing and enforcing of the payment of costs belongs to the Court having jurisdiction of the case where made. 2 M. 313, 83; 10 A. 582; 106 La. 242; 107 La. 69, 81; 113 La. 581.

IV. While we do not express any opinion as the liability in damages of plaintiff to LeBlanc and Ivy, the presumption is that they are, and that they will be called upon to pay them. We cannot go as far as the learned judge of the District Court and say that plaintiff has no cause of action until he shall have paid damages to LeBlanc and Ivy. His possible liability for the same is sufficient to give him certain rights against defendants. A defendant in injunction may sue for attorney's fees before he has paid them. 35 A. 360. A surety may, even before making any payment, bring suit against the debtor to be indemnified by him, under certain circumstances. C. C. 3057. The most that could be said is that plaintiff's claim is premature. Under the allegations of his petition he might have proved a subsequent suit by LeBlanc and Ivy - or filed a supplemental petition. 13 A. 499.

In order that plaintiff's rights against the defendants resulting from any claims or suit that LaBlanc and Ivy may assert against them in the future may not be defeated by the judgment herein of the District Court maintaining the exception of no cause of action, we will reserve their rights.

V. Plaintiffs contends also that he is entitled to interest upon the rent admitted to be due, and to costs of this suit, because the defendant's tender was made to him alone, as attorney of plaintiff, while it should have been made to the plaintiff himself, in accordance with C. P. 407.

It is true that this article requires the tender to be made to the "creditor himself". But that means to the creditor himself, or to his agent or attorney, or to some one authorized to received payment for him.

> C. C. 2140 (2136) "The payment must be made to the creditor, or to some person having a power from him to receive it, or who is authorized by a Court, or by law, to receive it for him".

> C. C. 2143 (2139) "A payment made to an attorney at law, employed to sue for the payment, will discharge the debtor, although the attorney be not specially empowered to receive the debt". 10 La. 480; 18 La. 428; 3 A. 627.

The opinion in Mudd vs Stille, 6 La. 19, is not clear on the question, but even if it means what the syllabus says, it is overruled by the opinion in Billiot vs Robinson, 13 A. 529.

A previous tender relieves a defendant from the payment of interest. 108 La. 125; 117 La. 396; 26 A. 453; C. P. 415.

A previous tender relieves a defendant from the payment of costs. 108 La. 135; C. P. 416; 155, 549.

It is therefore ordered that the judgment appealed from be affirmed, reserving to the appellant, Fred Frantz, all his rights against the defendants, A Levitan Furniture Co., and others in case of suit against the said Frantz by LeBlanc and Ivy in connection with the matters herein, - plaintiff to pay the costs of appeal.

<div style="text-align:center">

Judgment amended and affirmed.

May 22d, 1922.