EASTERN DIST.
June, 1836.

CHASE
vs.
TURNER.

CHASE vs. TURNER.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

| | |
|---|---|
| 10L 19 | |
| 44 332 | |
| 10L 19 | |
| 46 1571 | |
| 10 19 | |
| 112 1067 | |
| 10 19 | |
| 119 860 | |

Where the lessee refuses to comply with the terms of the lease, by withholding the rent as it becomes due, the lessor may have judgment rescinding the lease.

In an action for the rescission of a lease, the judgment cannot allow any delay in its dissolution.

In synallagmatic contracts, the refusal of either party to comply, liberates the other.

This is an action for the rescission of a lease. The plaintiff alleges that the defendant is indebted to him in the sum of seventeen hundred and fifty dollars, being the amount of the last quarter's rent of certain premises in faubourg Delor, in the city of New-Orleans, ending the 1st of January, 1836. He further alleges, that he leased the property in question to the defendant for the term of ten years, commencing the 1st of January, 1835, at seven thousand dollars per annum, payable quarterly. He prays that, as the defendant has not complied with his engagements made in his contract of lease, that it be dissolved and rescinded at the defendant's cost ; and for all other relief.

The defendant admitted the execution of the lease ; resisted the action, and justified withholding the payment of rent. He avers that he leased certain property from the plaintiff, fronting on the Mississippi river, which embraced the batture in front ; but that he has been deprived of the privilege of landing boats and rafts, and cutting up the same, and of other necessary uses of the batture, by a prohibitory ordinance of the city council of New-Orleans ; and that the plaintiff has not maintained him in the enjoyment of the whole property leased. He further states that he is damaged by this disturbance to the amount of two thousand dollars per annum ; that he is ready and willing to pay the rent due after deducting two thonsand dollars per annum, until he is restored to the full enjoyment of the property leased. He prays for judgment in his favor.

The contract of lease annexed to the petition was made by notarial act in the synallagmatic form, in which the plaintiff leases a parcel of land situated on both sides of New Levee-street, in faubourg Delor, and running to the Mississippi, together with all the buildings and improvements thereon, and also such batture as may be made in front of said property, during the term of ten years, &c. The defendant accepts the lease, and on his part agrees to pay seven thousand dollars per annum, payable quarterly, and commencing on the 1st of January, 1835.

The mayor of the city of New-Orleans, called as a wit-
ness by the defendant, testified that it was forbidden by a city
ordinance, passed about 1832, to use the batture within the
incorporated limits of the city, for breaking up flat-boats; and
that deponent, as mayor of the city, had given orders three
times to remove all the lumber from the space where the
new levee is intended to be run in front of the upper faubourg,
and from the space in front of said levee, &c.

A judgment of one of the city courts against the defend-
ant, condemning him to pay twenty dollars fine for breaking
up flat-boats on the leased premises, in contravention of a
city ordinance of the 4th February, 1835, was also read in
evidence on the part of the defendant.

The district judge remarked in giving judgment, that it
was proved that the exclusive use of this batture is worth
two hundred and fifteen dollars per month for breaking up
flat-boats, and cutting up rafts for fire-wood. But that an
ordinance was passed since the date of this lease, (4th Febru-
ary, 1835) prohibiting this use of the batture, and that the
lessee had been condemned to pay a fine under said ordinance.
But the dilemma put on the defendant by the plaintiff's coun-
sel, seems unanswerable : either the city ordinance is a legal
exercise of the right of police, or it is not.   If it be legal, the
defendant was bound to know the right of the corporation to
pass it, and his duty to conform to it.   If the ordinance be
not legal, this case does not present one of those disturbances
against which the lessor is bound to defend the lessee ;
for the corporation claims no right in the premises, but only
the right of making police regulations in relation to them.
The lessee must protect himself.  *Louisiana Code*, 2673.

Nothing is said in the lease of any particular use to which
the premises were to be applied ; and if any thing had been
said, the case could only have come within the provisions of
law.   See *Louisiana Code*, 2669.

Under the circumstances of the case and the prayer for
general relief, the district judge was of opinion that judgment
should be rendered for the sum of thirty-five hundred dollars,
the amount of two quarters' rent, with interest, the last

ending the 31st March, 1836 ; and in case this sum was not paid within thirty days, that the said lease be cancelled and annulled. From this judgment the plaintiff appealed.

*Peirce,* for the plaintiff, urged that the judgment of the District Court was erroneous, in this : the lease should have been cancelled and annulled without delay. The law is positive, and the court had no right to extend the term. *Louisiana Code, article* 2700.

*Preston,* contra.

*Martin, J.,* delivered the opinion of the court.

In this case, the plaintiff claims a rescission of a lease, on the ground of non-payment of the rent, on the part of the defendant and lessee.

The defendant resists the action, and justifies his conduct in withholding payment of the rent. He avers that the leased premises border on the Mississippi river, and that the city council of New-Orleans, during the lease, has passed an ordinance prohibiting the use of the batture in front for cutting up boats and rafts of timber, in that part of the city and its faubourgs in which the leased premises are situated. That he is disturbed in his enjoyment of the whole of the property included in the lease, in consequence of said city ordinance, &c.

The District Court, in rendering its judgment, has very correctly decided that the alleged disturbance, or restriction of privilege, by the corporation ordinance, in relation to the batture in front of the leased premises, affords no justification for withholding the rent ; but it has modified its judgment on equitable grounds, as a proper case for the exercise of equitable powers, and given a delay to the defendant of thirty days, in which to pay the balance of the rent due, and thereby avoid a total rescission of the lease.

The Code expressly prohibits the courts of this state from exercising such a power under the circumstances of this case. The article 2700 of the Louisiana Code provides, that the

Where the lessee refuses to comply with the terms of the lease, by withholding the rent as it becomes due, the lessor may have judgment rescinding the lease.

In an action for the rescission of a lease, the judgment cannot allow any delay in its dissolution.

neglect of the lessor or lessee to fulfil their engagements, may give cause for a dissolution of the lease in the manner expressed concerning contracts in general, *except that the judge cannot order any delay of the dissolution.*

In synallagmatic contracts, the refusal of either party to perform his engagement, entitles the other to his liberation therefrom.

It is, therefore, ordered, adjudged and decreed, that the lease of the premises by the plaintiff to the defendant, be annulled and rescinded ; and that the latter pay costs in both courts.