The opinion of the court was delivered by
Miller, J.
The plaintiff sues to cancel an assessment against him of land between the levee and the river in front of his property. He claims the land is not liable to assessment. The judgment of the lower court maintained the assessment and plaintiff appeals.
The character of such land is defined by the Code. The levee is deemed the bank of the river, and is that which contains the water at the ordinary high stage of the river. The ownership of the banks is in those who possess the adjacent land, but subject to public uses. Civil Code, Arts. 455, 457.
We have had some difficulty in reaching a conclusion in this case. We are not dealing with the general proposition as to the taxability *1571 of batture. It is in evidence here that the riparian proprietor, the plaintiff, placed a fence around the land. It is true the amount derived was inconsiderable, but still the fact is in the record that the riparian owner leased the property and received rent from tenani s. Our courts have affirmed leases of batture by riparian proprietors. We are not at liberty to hold that land, although between the levee and the river, is not subject to taxation when used by the front proprietor for the purposes of revenue or otherwise. The ownership of such land, in a certain sense, is recognized by the Code, and in this case the rights, of private ownership have been asserted by plaintiff. Under such circumstances we think the land is subject to taxation. See Chase vs. Turner, 10 La. 19; Nicholls et al. vs. Byrne, 11 La., 170; Dennistoun et al. vs. Walton, 8 Robinson, 211.
We think therefore the plea of res judicata based on the judgment of the Oivil District Court, holding the land not subject to taxation, can not prevail.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.
Rehearing refused.