The opinion of the court was delivered by
Breaux, J.
This is an action to eject the lessee from the property leased to him by the plaintiff.
The latter leased the Hart Island' plantation to the former on the 2d day of February, 1894, for the term of fifteen years.
The consideration of the lease was the sum of twenty-seven hundred dollars, payable on the 1st day of September of each year, and the payment of the taxes on the property each year. The taxes for 1894 amounted to six hundred and twenty-eight dollars.
The defendant testified that he was informed by the sheriff that for a week after January 1 it is not customary to enforce penalties in the collection of taxes.
In September, 1894, the lessee having failed to pay anything, the *1371 lessor transferred his claim for the money sent (the rent for the first year’s lease) to W. B. Ogilvie, and subrogated the transferee to his right as lessor.
Ogilvie, to whom the defendant owed a large amount for advances on his crop, in addition to the rent transferred to him, brought suit against the defendant, and had his crops, mules, farming' implements and all his other property on the plantation under writs of sequestration and provisional seizure, taken possession of by the sheriff. The property was sold under an order of court, save the mules. They (the mules) were bonded and moved from the' place by the surety on the bond.
This left the defendant without means to operate the plantation. He was attempting at the time of the suit to effect a sub-lease. The lessee not having paid the taxes on the 31st day of December, 1895, they were subsequently paid by the lessor.
On the 25th day of January, 1895, the plaintiff brought suit and alleged that his lessee had violated the lease and failed to comply with the terms of his contract, not having paid the rent.
The defendant excepted to the order of the court requiring him to answer within three days from service of the order to vacate and of the citation.
He claimed ten days, as in ordinary eases.
The defendant urges that the three days’ notice of the statute has reference to the setting of the case for trial.
The Act 96 of 1888, amending R. S. 2155 and Act 96 of 1894, provides for fifteen days’ notice to the lessee to remove.
At the end of fifteen days suit to eject maybe brought. The delay for “ordinary proceedings ” of ten days manifestly does not apply.
The Revised Statutes 2166 provides for trial after three days’ notice.
The provisions of the statutes and the code of procedure was so interpreted by Matt’s case, 37 An. 843; Citizens Bank case, 38 An. 500, and sustained the legality of the notice. The last act upon the subject (Act 96 of 1894), was adopted some time after the decision in Godchaux vs. Bauman, 44 An. 253, in which this court held that the three days’ notice prior to judgment was legal and proper, and that a delay of ten days was not required. The Legislature did not deem it proper to extend the time to answer. That portion of the law regarding delay as interpreted by this court remained unamended.
*1372 On the day of trial further time to answer was applied for and granted.
The defendant also excepted to a trial at the January term of the court, for the reason that, under the rules of the court, only jury cases could be tried at the time that the case was tried.
The rules of the court are that no civil cases, except jury cases, can be tried during certain designated days.
The act of 1855, and subsequent statutes, make this a very summary proceeding, and require it to be tried by preference.
Oivil remedies are ordinary, executory and summary.
In the cases cited supra, it was held that the remedy to eject lessees is summary. In the last, the Citizens Bank case, 38 An. 500, it was decided that a prayer for citation did not have the legal effect of converting the process from the summary to the ordinary.
Under Oode of Practice, 756, summary cases are decided on days fixed for their trial without delay, and conformable to such rules as the court may adopt.
The court a qua had no rule fixing days for the trial of summary cases. Although rules of court have the force of law, a rule excluding ordinary cases from trial during certain days does not necessarily apply to a summary case.
The contest is not for trial between a civil jury case and a summary case.
We understand that the court found time to do justice to both, without prejudice to any of defendant’s rights.
The lessee, by the seizure aud sale to pay the Ogilvie claim, was left without means to cultivate the place and pay the taxes.
It is true that the defendant had offered to sub- lease to a third person. It was a mere attempt.
Nothing definite had been concluded. The lessor’s contract with the defendant did not leave the payment of the rent dependent upon such contingencies. The statute applying to “ landlord and tenant ’ ’ gives to the lessor the right, upon the termination of the lease, either by limitation or non-payment of the rent when due, or any other breach of the lease, to institute proceedings to eject the lessee.
The defendant had failed to pay the rent under circumstances which justified the plaintiff in seeking to resume possession of his property.
The taxes were due on the first of January. The days of grace *1373 given by sheriffs, after the first of that month, to pay taxes, was a personal favor and an act of kindness and consideration, which were not part of the contract.
The defendant urges that the contract of lease was commutative; that if there was violation it was passive, and he was not placed in mora. •
In his answer he alleges that plaintiff paid the taxes without having previously requested him to pay them. At this point of the case the testimony of the plaintiff and that of the defendant are somewhat conflicting.
The former supports the theory of his case, that he made all needful demand of payment; the latter denies that any demand was made.
The judge of the court below has decided that there was a sufficient placing in default. We have no reason to declare his decision incorrect and unsustained by the weight of the testimony.
Under the laws relative to landlord and tenant, prior to recent amendments, this court held:
“The judge of the court below has taken the correct view of the facts of the case, and we concur with him that in a case like this, it is not necessary to resort to a direct action to annul a lease, if there be one, the law having declared ‘ that the immediate consequence of the failure of the tenant to pay the rent when it becomes due is to vest in the landlord the right of expulsion.’ ” Van Renselaer vs. Holbrook, 1 An. 180.
The right to thus proceed is not restricted but enlarged by amendments adopted since the date of that decision.
We will not be understood as holding that a placing in mora, or its equivalent, is not necessary. Moreover, the plea of want of default was not made by the defendants. This case is exceptional. The taxes assumed as part of the consideration of the lease were due in September.
On the 31st day of December the tax debtor who has not paid his taxes becomes a delinquent.
The law provides “from the day the tax roll is filed in the mortgage office it shall be a lien on the property.” Sec. 33 of Revenue Act of 1888.
There was a penalty due from the 31st day of December.
Without notice or demand the tax-payer is in default from that date.
*1374 He owes the penalty, and the taxes are secured by mortgage on his property.
He places himself completely in mora by not paying the tax. The rights of the State in matter of the security and collection of taxes are well defined.
The plaintiff did not, as defendant argues, become his negotiorum gestor as to these taxes, after he had paid them. He was subrogated to the rights of the State and parish.
The syllabus in Succession of Will, 15 An. 381, correctly sets forth the principle announced in that case:
“ When by the contract of lease the lessee undertakes to pay the taxes to be thereafter assessed on the property leased, if he fails to do so, the lessor having an interest as owner in discharging the debt, would, upon paying the same, become legally subrogated to the rights of the State or city against such lessee. ’ ’
In the case of Beltran vs. Villere, 14 Southern Reporter, 506, 510, Opinion Book No. 61, p. 824, this court held that it was the duty of the mortgagor to notify his mortgagee of his inability to pay the taxes.
The principle applied here answers the objection of the defendant in so far as relates to default.
It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed at appellant’s cost.
Nicholls, O. J., absent.