BREAUX, C. J.
This is an action of ejectment by a landlord against his tenant.
The contract of lease originally was for 36 months, commencing on March 1,1899, and ending on February 1, 1903, at a rental of $120 per month, payable on the 1st day of each month.
Besides the lessee obligated himself by special clause of the lease to sell Jackson Brewing Company beer, and no other.
The premises were leased for the purpose of conducting thereon a saloon and a bar. There are several clauses in the contract of lease, to wit: The defendant would permit the usual notices “To let” and “For sale” to be posted on the walls or doors. Lessee was to have the right to renew the lease for an additional 3 years on the same terms and conditions, upon 60 days’ written notice in advance.
The lease was renewed at the end of the first term, on the same terms and conditions, for a term of 2 years, with the right to renew, as in the first lease.
The 1st of January, 1905, defendant notified plaintiff of his intention to renew for 2 years. Plaintiff declined to renew, and directed defendant to vacate at the expiration of the lease.
In the pending suit, plaintiff asks for judgment condemning defendant to deliver possession of the property on the 1st of March, 1905.
It appears in evidence that defendant has paid his rent and complied with every condition of his contract.
Defendant, in the first place, pleaded the exception of prematurity, and, in addition, of no cause of action.
We take up, in the first place, the ground of tne exception. We are. of the opinion that under the terms of the statute the action was prematurely brought. It will be recalled that the lease expired on the 1st of March, and that this suit was brought on the 20th of January preceding.
The fact that this suit was brought prior to the end of the lease is fatal to the action. The lessor has the right, upon the termination of the lease by limitation, by failure to pay rent, or by any other breach of contract, to insist upon the tenant removing, from the premises. If he does not remove, then suit may be brought and not before.
It must be remembered that the tenant had not in any respect disregarded or' violated the terms of his lease.
That being the case, he had the right to remain on the property undisturbed, unmolested, and unvexed by suit to oust him.
Plaintiff’s contention is that the statute-regarding landlords and tenants, to which *54 we have referred, has no application, or is without force, by reason of the fact that defendant, the tenant, conveyed to plaintiff, a short time before the suit was brought to oust him, notice of his intention of not removing at the end of the lease, and that in consequence the right of action arose. Plaintiff alleges that the judgment was rendered on the petition in the pending case only in May, 1905, some time after the end of the lease. The fact remains that the suit was brought about 30 days before the lease had expired.
We do not find it possible to agree with plaintiff’s contention. We are not of the •opinion that the terms of the lease were in any way changed or affected by defendant’s notice to plaintiff of his intention to renew. It did not cause any maturity of the lease, either as to time before its expiration or as to amount of rental stipulated. We are decidedly of the opinion that the right of ouster remains in abeyance until the lease expires, or until in some way the tenant violates the contract of lease. Code Prac. arts. 14, 158; Ricon v. Hart, 47 La. Ann. 1370, 17 South. 878.
Under our view, plaintiff’s suit terminates here. '
For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed fro'm is avoided, annulled, and reversed, and plaintiff’s suit is dismissed as in case of nonsuit.