## PITTSBURGH & SOUTHERN COAL CO. v. OTIS MFG. CO.

(Circuit Court of Appeals, Fifth Circuit. March 16, 1918.)

### No. 3110.

1. NAVIGABLE WATERS ☞36(3)—RIPARIAN OWNERS—RIGHTS OF.

Under Civ. Code La. arts. 455, 457, land between a levee and a navigable river is the property of a riparian proprietor, though subject to public use.

2. NAVIGABLE WATERS ☞33—RIPARIAN PROPRIETOR—RIGHTS OF PUBLIC.

The right which the public in Louisiana has to use the banks of navigable rivers does not enable one other than a riparian proprietor to appropriate part of such bank to his private use, and a riparian proprietor has such an interest, distinct from that of the public, as entitles him to recover for another's appropriation of a part of the bank to a private use.

3. NAVIGABLE WATERS ☞33—RIPARIAN PROPRIETOR—RIGHTS OF.

Const. La. art. 290, enabling riparian owners whose property is bounded by a navigable stream, subject to stated conditions, to become the agency for making public use of the batture or banks owned by them, does not limit the right of a riparian proprietor to complain of an unauthorized private use of his property by another.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by the Pittsburgh & Southern Coal Company against the Otis Manufacturing Company. There was a judgment for defendant, dismissing the petition, and plaintiff brings error. Reversed.

R. C. Milling, of New Orleans, La. (Foster, Milling, Saal & Milling, of New Orleans, La., on the brief), for plaintiff in error.

H. C. Cage, of New Orleans, La. (Cage, Baldwin & Crabites, of New Orleans, La., on the brief), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and NEWMAN, District Judge.

WALKER, Circuit Judge. This writ of error presents for review a judgment sustaining an exception of no cause of action to the petition of the plaintiff in error (which will be called the plaintiff) and dismissing the same. The petition as amended showed the following state of facts:

The plaintiff now is, and for many years has been, the owner of described land in the city of New Orleans which fronts on the Mississippi river, together with the batture and batture rights appertaining thereto, a portion of which land it leased for several years to the defendant in error (which will be called the defendant), which occupied

---

it under such lease until 1915, when the lease was annulled. After defendant's rights as lessee ceased, it continued, without plaintiff's consent, to occupy and use the part of the formerly leased land which is between the levee and the river, drove piling thereon, built a wharf and a pen for its logs, and used the property for its own private purposes. The relief sought included a judgment ejecting the defendant and enjoining and prohibiting it from further trespassing upon or attempting to use or convert to its own private use the part of the plaintiff's land between the levee and the water's edge, and an award of compensation for the occupation and use by the defendant since the lease expired.

The ground upon which the trial court's action was based is disclosed by the following statement found in the opinion rendered by the presiding judge:

"It is evident that the piling complained of is driven in the Mississippi river, and that, if the defendant is occupying any portion of the batture belonging to the plaintiff, it is entirely outside the levee. As this portion of the property is within the jurisdiction of the board of commissioners of the port of New Orleans, and not under the control of the plaintiff, the exception will be maintained and the suit dismissed."

[1, 2] What is shown and complained of is the unauthorized occupation and use by the defendant for its own private purposes of property belonging to the plaintiff. That the plaintiff's rights in the land in question are subject to public uses is not questioned. The use complained of is a private one, not a public one. That the land between a levee and the river is the property of the riparian proprietor, subject to public use, is a proposition well settled in the law of Louisiana. Mathis v. Board of Assessors, 46 La. Ann. 1570, 16 South. 454; Civil Code of Louisiana, arts. 455, 457. That another's unauthorized use of that space for a private purpose gives rise to a right of action in favor of the riparian proprietor has been authoritatively decided. Carrollton. R. Co. v. Winthrop, 5 La. Ann. 36. That the right which the public has to use the banks of navigable rivers does not enable one other than the riparian proprietor to appropriate a part of such bank to his private use is a proposition not fairly open to question. Lyons v. Hinckley, 12 La. Ann. 655.; Duverge v. Salter, 6 La. Ann. 450; Cochran v. Dry-Dock Co., 30 La. Ann. 1365.

Nothing said or decided in the case of Warriner v. Board of Commissioners, 132 La. 1098, 62 South. 157, is in conflict with either of the above-stated propositions. That suit was an attempt to prevent the continuance of the public use to which a batture or accretion to the bank of a navigable river was put by the public agency intrusted with the exercise and regulation of such use. In the instant case the use complained of is a purely private one, and no claim is made the recognition and enforcement of which could impair or interfere with the public use to which the property in question is subject. The alleged use by the defendant is inconsistent with the enjoyment by the public of the use of the bank to which it is entitled. The plaintiff as the riparian proprietor has such an interest, separate and distinct

from that of the public at large, as entitles it to complain of the appropriation of the land in question to a private use to which it is not subject to be put without its consent. The petition does not assert the claim that the plaintiff itself, without the permission of the official body intrusted with the regulation of the public use of the land in question, could use it as the defendant does without any rightful authority whatever.

[3] We have been referred to article 290 of the Constitution of Louisiana as having some bearing on the question presented for decision. That article reads as follows:

"Riparian owners of property on navigable rivers, lakes, and streams, within any city or town in this state having a population in excess of five thousand shall have the right to erect and maintain on the batture or banks owned by them, such wharves, buildings and improvements as may be required for the purposes of commerce and navigation, subject to the following conditions, and not otherwise, to wit: Such owners shall first obtain the consent of the council, or other governing authority, and of the board of levee commissioners, within whose municipal or levee district jurisdiction such wharves, buildings, and improvements are to be erected, and such consent having been obtained, shall erect the same in conformity to plans and specifications which shall have been first submitted to, and approved by, the engineer of such council, or other governing authority; and when so erected, such wharves, buildings, and improvements shall be, and remain, subject to the administration and control of such council, or other governing authority, with respect to their maintenance and to the fees and charges to be exacted for their use by the public, whenever any fee or charge is authorized to be and is made; and shall be and remain subject to the control of such board of levee commissioners, in so far as may be necessary for the maintenance and administration of the levees in its jurisdiction. The council, or other governing authority, shall have the right to expropriate such wharves, buildings, and improvements, whenever necessary for public purposes, upon reimbursing the owner the cost of construction, less such depreciation as may have resulted from time and decay; such reimbursement, however, in no case to exceed the actual market value of the property: Provided, that nothing in this article shall be construed as affecting the rights of the state, or of any political subdivision thereof, or of the several boards of levee commissioners to appropriate without compensation such wharves, buildings, and improvements, when necessary for levee purposes."

That provision enables riparian owners of a described class, subject to stated conditions and qualifications, to become the agency for making a public use of the batture or banks owned by them. Nothing in it indicates a purpose to limit or qualify the right of a riparian proprietor to complain of an unauthorized private use of his property by another. The conclusion is that the court was in error in sustaining the exception and dismissing the petition.

The judgment to that effect is reversed.