BRUNOT, J.
 

 The Louisiana Oil Refining Corporation is the owner of 80 acres of land in Caddo parish on which there are two wells producing gas in paying quantities. The plaintiff leased this property to Harry D. Wilson, the consideration for the lease being $400 per year, payable annually. Wilson assigned the lease to the Scientific Oil Corporation, and this corporation assigned the lease to M. W. Cozart, one of the defendants in this suit. The interest of Cozart in the lease was seized and sold by the sheriff, and E. T. Robinson acquired the same at said sale and assigned his rights thereunder to S. L. Ricketts. It appears that the deed by which the sheriff conveyed the property to Robinson incorrectly described it. It is alleged in the petition that no rent has been paid for the property, that the lease has been abandoned, and on the application of plaintiff the property was judicially sequestered pending the determination of this suit. Plaintiff’s suit is against Cozart and Ricketts, and it prays for a judgment against Cozart ordering the cancellation and erasure from the records of the lease, and for a moneyed judgment against Ricketts for $1,200, the sum past due and owing as rent of the property for the three years preceding the institution of this suit.
 

 Ricketts answered the suit and called Robinson in warranty. Robinson filed exceptions of no cause of action and misjoinder of parties defendant. The learned trial judge, in passing on these exceptions, correctly says:
 

 “If there had been no misdescription in the assignment from Cozart to Robinson, the exception of misjoinder would be good; but there was such misdescription. So far as the records show Cozart still has an apparent interest in the lease, and no judgment against Ricketts alone canceling the lease would be binding on Cozart. Under these circumstances we think that Cozart is a necessary party to a valid, binding judgment canceling the lease. The exception of no cause of action is directed to the failure, either in the petition or the answer, to allege when the abandonment took place, and that in order to hold Robinson in his warranty it must be alleged that the abandonment did not take place during the time Ricketts held the lease. It is further directed to the legal proposition that 'the failure to pay rent or royalty does not give rise to a right .of cancellation.”
 

 The learned district judge held that inasmuch as the lease was a mineral lease it could not be canceled for nonpayment of the rent, but that Ricketts was liable for the rent due under the .lease for the year 1924, and he
 
 *93
 
 rendered judgment in favor of the plaintiff and against Ricketts for §400, with legal interest thereon from judicial demand, and rejecting the defendant’s demands against the warrantor. From this judgment the plaintiff appealed.
 

 The facts are undisputed. The instrument executed by the plaintiff and Harry D. Wilson binds the plaintiff to grant to Wilson ,the enjoyment of the property described in the instrument during a certain time and for a fixed annual price; and Wilson binds himself therein to pay the stipulated price annually. This is not an ordinary lease. It is more in the nature of a license, but it is governed by the Godal provisions relative to leases.
 

 Nonpayment of the rent when due is a peremptory cause for the cancellation of a lease. C. C. arts. 2046, 2047, 2710, 2712, 2729; Chase v. Turner, 10 La. 19; Hennen v. Hayden & Kelly, 5 La. Ann. 713; Kron v. Watson, 14 La. Ann. 432; Fox v. McKee, 31 La. Ann. 67.
 

 We think the judgment appealed from, in so far as it is in favor of plaintiff and against S. L. Ricketts for §400, with legal interest thereon from judicial demand, and in so far as it rejects the demands of the defendant against the warrantor, is correct, and to this extent it is affirmed; but in so far as it rejects plaintiff’s demand for a cancellation of the lease, it is avoided and set aside, and it is now ordered and decreed that there be judgment in favor of plaintiff and against M. W. Cozart and S. L. Ricketts canceling and erasing, the lease of the Louisiana Oil Refining Corporation to Harry D. Wilson of the W. % of the N. W. % of section 32, township 22 north, range 15 west, Caddo parish, La., of record in Conveyance Book 156, p. 613, of the records of Caddo parish, and that the costs of this appeal be paid by appellee.