## EDWARDS v. STANDARD OIL CO. OF LOUISIANA.

### No. 960.

Court of Appeal of Louisiana. First Circuit. May 3, 1932.

F. L. Hargrove and T. M. Milling, both of New Orleans, for appellant.

J. H. Inman, of Ponchatoula, for appellee.

ELLIOTT, J.

A. M. Edwards, Jr., ruled Standard Oil Company of Louisiana into court to show cause why it should not be compelled to vacate the property described as "one acre of ground more or less located on U. S. Highway No. 51 in Headright 59 T. 7 S., R. 7 E. —fronting 200 ft. on the U. S. Highway above mentioned, 200 ft. on Ponchatoula-Springfield highway, having a depth of 200 ft., and the buildings and improvements thereon or connected therewith, situated in the town of Ponchatoula in the Parish of Tangipahoa." And why a contract of lease entered into by the parties concerning said property should not be canceled on account of the nonpayment of rent. The defendant resists and contends that the lease should not be canceled. From a judgment in favor of the plaintiff as prayed for, the defendant has appealed.

The defendant, contending that plaintiff has a motive other than the collection of the rent due him, goes at length in its answer into the business relations existing between them prior to the institution of the suit.

There is no conflict in the testimony concerning the facts of the case. A check for $35.19, the amount due July 15, 1931, on account of rent, was executed by defendant on July 10, 1931, placed in an envelope addressed to A. M. Edwards, Jr., City, but the check did not reach Edwards until July 21, 1931, on which day he received it in an envelope which had been mailed at Ponchatoula, the 6th day after the rent was due.

The law provides that: "The contract of lease * * * (besides the rules in which it is subject in common with other agreements, and which are explained under the title: Of Conventional Obligations) is governed by certain particular rules, which are the subject of the present title." Civ. Code, art. 2668.

Among the particular rules by which the contract is governed are the following:

"The lessee is bound: * * * To pay the rent at the terms agreed on." Civ. Code, art. 2710.

"The lessee may be expelled from the property if he fails to pay the rent when it becomes due." Civ. Code, art. 2712.

"The neglect of the * * * lessee to fulfil his engagements, may also give cause for a dissolution of the lease, in the manner expressed concerning contracts in general, except that the judge cannot order any delay of the dissolution." Civ. Code, art. 2729.

Among the rules to which the contract of lease is subject in common with other agreements, the Civil Code, art. 2047, provides: " * * * When the resolutory condition is an event, not depending on the will of either party, the contract is dissolved of right; but, in other cases, it must be sued for, and the party in default may, according to circumstances, have a further time allowed for the performance of the condition."

The plaintiff claims the dissolution of the lease on the ground that the rent due July 15, 1931, was not paid when it became due.

Defendant, for reasons set out, in its answer denies this averment. In a latter part of its answer it avers that, if plaintiff did not receive the rent on or before it was due, such fact was not the result of defendant's inability to pay the rent, or defendant's desire to refuse to pay, or to arbitrarily delay the payment, but resulted solely from oversight on the part of an employee of defendant or some unforeseen delay in the United States mail.

The provision that, when the resolutory condition is an event not depending on the will of either party, the contract is dissolved of right, but in other cases it must be sued for, and the party, in default, may, according to circumstances, have a further time allowed for the performance of the condition, was considered by the Supreme Court in Watson v. Feibel, 139 La. 375, 71 So. 585, Southport Mill v. Ansley, 160 La. 131, 106 So. 720, and Standard Oil Co. of La. v. Milholland, 167 La. 707, 120 So. 59. But delay in the payment of rent due to oversight and neglect is not a matter provided for in that article. In Southport Mill v. Ansley the subject of the decision was a promise to sell real estate, but the court said, by way of an addendum to the

decree, that the judge, under Civil Code, art. 2729, could not grant any delay in the dissolution of a lease.

The defendant cites us a number of decisions from other states, to which we have not access, said to bear on the question when a lessee will be given by the courts a further time in which to pay the rent, in case of failure due to oversight and neglect, but not willful and intentional, but the question is one that should be determined under the provisions of the Civil Code of this state as enforced by our jurisprudence.

In Sieward v. Denechaud, 120 La. 720, the court said, page 730, 45 So. 561, 564: "The right to dissolve a lease is subject to judicial control." But the court in using this language had in mind resolutory conditions, other than those due to neglect, because the Civil Code, art. 2729, is emphatic that, when the nonfulfillment, on the part of the lessor or lessee, is due to neglect, the judge cannot order any delay of the dissolution.

The defendant cites us a number of decisions of the Supreme Court of this state which it contends have bearing on the present case: In Brewer v. Forest Gravel Co., 172 La. 828, 135 So. 372, 373, the controversy involved a disputed responsibility for a severance tax. The defendant contended that the tax was due by the plaintiff, the owner of the property. It paid the taxes, but held the amount back out of the rent. The plaintiff, owner of the property, contended that defendant owed the tax. Litigation resulted, and the owner prayed that the lease be canceled for nonpayment of the rent. The court said, in acting on the case: "In the present case defendant has not refused arbitrarily to pay the rent, but was in good faith in refusing to pay more than he thought was due according to the advice of his counsel." Plaintiff's demand for the cancellation of the lease was refused. There was no question of neglect in the case.

In Saxton v. Para Rubber Co. of Louisiana, 166 La. 866, 118 So. 64, the court said, in acting on the case: "It is quite true that the payment of the rent in accordance with the terms of the lease is one of the essential obligations of the lessee, and the failure of the lessee to properly discharge this obligation is a legal cause for dissolving the lease. But this presupposes that the lessor is desirous and willing that the lessee should pay his rent promptly, and will facilitate and not hinder him in doing so; that the lessor is not endeavoring merely to entrap his lessee into a technical breach of the lease." And in the case mentioned the court in effect held that the lessor had endeavored to entrap his lessee into a technical breach and refused to cancel the lease.

This plaintiff is endeavoring to take advantage of defendant's oversight and neglect to pay, but he has not endeavored to entrap the defendant into a technical breach; consequently the situation is not the same.

Hemsing v. Wiener-Loeb Grocery Co., 157 La. 189, 102 So. 303, 304, was a suit in which the owner sought to cancel a lease on account of nonpayment of the rent when due. The fact showed that the lessee had timely executed and mailed a check to the owner in payment, but through inadvertence on the part of the lessee the check was signed, using a name that was different from the one in which he kept his account in the bank. The inadvertence was not discovered by the lessee until after the check was refused payment, which was the next day following that upon which it had been executed and he immediately offered to pay, but the lessor would not receive it. The court concludes the opinion as follows: "Nor do we think that defendant has just cause to annul the lease because of plaintiff's inadvertent error in the signing his check as he did. Defendant was offered its money, and could have had it before it even brought suit to annul the contract. Our law does not contemplate that contracts shall be annulled by one party, where the other party is able and willing to perform his own part of it as soon as demanded of him"—citing Watson v. Feibel, 139 La. 375, 71 So. 585. This last statement, "as soon as demanded of him," is taken from the case cited, and has reference to the provisions of article 2047 and was evidently not intended as a proper enforcement of a resolutory condition in a lease, based on the neglect of the lessee to pay his rent when due, because it would be contrary to the language of the article in question. We do not think the case controls the situation in the case presently before us.

In Shnaider v. Graffagnini, 154 La. 363, 97 So. 491, 493, the court found that the lessor had accepted "without comment, of two and possibly three payments of the rent after the due date"—citing Standard Brewing Co. v. Anderson, 121 La. 935, 46 So. 926, 15 Ann. Cas. 251.

In Bonnabel v. Metairie Cypress Co., 129 La. 928, 57 So. 271, the rent was due on the first of the month, but the court found that the stipulation for the term payments had been honored more in the breach than in the observance, and that it had been the habit and custom of the parties to pay from one day to several days late, sometimes longer. That in such case, if lessor intended to insist upon payment on the day due, he must first give notice to that effect to the lessee, citing Standard Brewing Co. v. Anderson.

In Standard Brewing Co. v. Anderson, 121 La. 935, 46 So. 926, 15 Ann. Cas. 251, the syllabus reads in part: "Where, month after month, the lessor has been receiving payment of the rent a few days later, without objec-

tion, if he desires in the future to hold the lessee strictly to payment on the day the rent falls due, he must give him notice to that effect; otherwise, the lessee will not be in legal default from delaying the usual time."

In the present case the defendant sought to show that the lessor had been in the habit of receiving the rent a day or two days or a few days late without complaint, and that therefore the delay which occurred was within the rule recognized in Standard Brewing Co. v. Anderson, etc. But we do not find that such was the case. The rent appears to have been received as a rule on or about the day it was due and often before. But the lessor sometimes kept the check after receiving same for a period of ten days or longer without cashing it. But the checks were on hand and the lessor could have used them as cash at any time. This did not constitute a delay in payment.

The defendant urges that the delay of five days was not due to any purpose or willful delay on the part of the defendant, but was the result of oversight on the part of one of its employees in not forwarding the check after it had been made out and signed in favor of the plaintiff.

We are satisfied that such was true beyond any doubt, but the oversight was neglect and neglect to pay rent for five days cannot, in our opinion, be excused under the language of the Civil Code, arts. 2710, 2712, 2729.

In Chase v. Turner, 10 La. 19, the court held: "The article 2700 [2710] * * * provides that the neglect of the lessor or lessee to fulfill their engagements, may give cause for a dissolution of the lease in the manner expressed concerning contracts in general, except that the judge cannot order any delay of the dissolution."

In Van Renselaer v. Holbrook, 1 La. Ann. 180, the court held: "The law having declared that the immediate consequence of the failure of the tenant to pay the rent when it becomes due, is to vest in the landlord the right of demanding his expulsion." A like statement is contained in Ricou v. Hart, 47 La. Ann. 1370, 17 So. 878.

In Kron v. Watson, 14 La. Ann. 432, the court said: "It is the duty of the lessee to pay the rent at the terms agreed on, and if he fail to pay the rent, when it becomes due, he may be expelled from the premises."

In Fox v. McKee, 31 La. Ann. 67, the court said, page 69: "The payment of the rent * * * at the date fixed by the contract * * * is—on the part of the lessee, an obligation which he can neither avoid nor postpone; and if—through negligence * * * he fails to comply with that obligation, his failure justifies the dissolution of the contract."

In La. Oil Refining Corp. v. Cozart, 163 La. 90, 111 So. 610, the court said: "Nonpayment of the rent when due is a peremptory cause for the cancellation of a lease."

In the present case the failure to tender the rent due on July 15, 1931, until July 21, 1931, having been due to neglect on the part of the lessee, the lessor had the right under the law to refuse to accept it, to demand the cancellation of the lease and the expulsion of the lessee.

The judgment appealed from is affirmed. Defendant and appellant to pay the cost in both courts.