## MILLER v. WHITE.

### No. 5026.

Court of Appeal of Louisiana.
Second Circuit.

Feb. 12, 1935.

John T. Campbell, of Minden, for appellant.

Watkins & Watkins, of Minden, for appellee.

MILLS, Judge.

Plaintiff seeks, under the provisions of Act No. 55 of 1926, to eject defendant from a predial estate in Webster parish. In article 1 of his petition he alleges "that Sam T. White, resident of Webster Parish, Louisiana, was the tenant of your petitioner for the year 1934 * * *" of the land in question. In subsequent articles he asserts the expiration of the lease, the giving of the required notice to vacate, and the refusal of defendant to do so.

In answer to the rule, defendant admitted the allegations of article 1 and the retention of possession. He denied the expiration of the lease, setting up the special defense that the terms of the cotton acreage reduction contract between plaintiff and the United States Secretary of Agriculture authorized his continuance in possession. As defendant, on the trial of the issue, did not urge this defense, it is not considered.

At the trial, plaintiff rested after proving the delivery of notice to vacate. Defendant offered no evidence whatever. Whereupon, the trial judge rendered the following decision: "In this cause the demands of the plaintiff are dismissed as of non-suit on the ground and for the reason that no evidence was introduced by the plaintiff to prove a termination of the lease."

Defendant, relying upon the same grounds, in his brief significantly distorts the language of the admitted article 1 by saying that defendant was the tenant of plaintiff "in 1934," and again, that defendant admits that he was lessee "during 1934." The petition alleges that the lease was "for the year 1934"; not that it was entered into in or during that year. This is a direct averment that the term was for and expired with the year 1934. Defendant must have so understood it as he filed no exception of vagueness and interposed a special defense. If not clear, the averment is aided by article 2687 of our Civil Code, which provides: "The lease of a predial estate, when the time has not been specified, is presumed to be for one year, as that time is necessary in this State to enable the farmer to make his crop, and to gather in all the produce of the estate which he has rented."

We are of the opinion that the judgment appealed from is erroneous and that plaintiff is entitled to the relief prayed for. It is accordingly reversed and judgment rendered ordering defendant, Sam T. White, to deliver to plaintiff, J. R. Miller, possession of the leased premises, described as the south half of the southwest quarter of northeast quarter; west half of southeast quarter; east half of southwest quarter; and northwest quarter of southwest quarter, all in section 23, township 20 north, range 9 west, Webster parish, La., containing 220 acres, together with improvements thereon within twenty-four hours. Defendant in rule to pay costs of both courts.