**162 So. 638**

**MILLER v. WHITE.**

**No. 33385.**

June 19, 1935.

John T. Campbell, of Minden, for relator.

R. D. Watkins, of Minden, for respondent.

HIGGINS, Justice.

This is an ejectment proceeding by a landlord against his tenant under the provisions of section 2155 of the Revised Statutes, as amended by Act No. 55 of 1926. The plaintiff alleged that the defendant was a tenant on his farm during the year 1934;

that the lease had expired; and that he had given the defendant legal notice to vacate the property, but the defendant refused to do so.

In answer to the rule, the defendant admitted that the relation of lessor and lessee existed between the parties; that notice to vacate the premises had been served upon him by the plaintiff, as required by law; that he refused to comply with the notice; but he denied that the lease had expired. Defendant also specifically pleaded the existence of a contract between the plaintiff and the secretary of agriculture, under the terms of which plaintiff obligated himself to permit defendant to continue in the occupancy of the house and farm.

On the trial of the rule, the plaintiff testified that he served the notice to vacate on the defendant, but did not offer any other evidence whatsoever. Defendant rested his case without introducing any testimony or proof.

The trial judge dismissed the plaintiff's demands as of nonsuit, for the reason that plaintiff failed to introduce evidence to show the termination of the lease.

Plaintiff appealed, and the Court of Appeal reversed the judgment of the lower court on the ground that the defendant had admitted in his answer that the lease had expired. Judgment was rendered in favor of the plaintiff, making the rule absolute, and ordering the defendant to deliver the possession of the leased premises to the lessor within 24 hours. 159 So. 191.

A rehearing having been refused by the Court of Appeal, defendant applied to this court for a writ of certiorari, which was granted, and the case is now before us for review.

■ In an ejectment proceeding, the plaintiff has the burden of proving that the relation of landlord and tenant existed between the parties litigant; that the lease has expired, and that due notice to vacate the premises has been served upon the lessee, as required by law. Jackson Brewing Co. v. Wagner, 116 La. 51, 40 So. 528; Prudhomme's Heirs v. Walmsley, Man. unrep. cas. 374; Act No. 55 of 1926.

In paragraph 2 of the petition it is alleged " * * * that the defendant's term of lease has expired * * *."

In the answer, it is averred: "Answering the allegations of paragraph number two, it is denied that defendant's term of lease has expired."

■ We construe the pleading as the district judge, that the defendant denied that the lease had expired, and, consequently, it was incumbent upon the plaintiff to offer proof on that issue. He failed to do so, and the trial judge, therefore, properly nonsuited him.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the Court of Appeal is annulled, the writ is perpetuated, and the judgment of the dis-

trict court is reinstated; plaintiff to pay all costs of court.

O'NIELL, C. J., is of the opinion that the judgment of the Court of Appeal is correct.