## MILLER v. WHITE.

### No. 5168.

Court of Appeal of Louisiana. Second Circuit.

Nov. 6, 1935.

See, also, 182 La. 837, 162 So. 638.

R. D. Watkins, of Minden, for appellant.

John T. Campbell, of Minden, for appellee.

TALIAFERRO, Judge.

This suit is a sequel to that between the same parties reported in (La. App.) 159 So. 191, and in 182 La. 837, 162 So. 638.

Plaintiff seeks to eject defendant from leased farm lands. He proved all of the necessary facts usual to such a case to entitle him to the relief sought, but the lower court rejected his demands by sustaining a special defense set up by defendant. He prosecutes this appeal from the judgment dismissing his suit.

The special defense urged by defendant is that on February 13, 1934, plaintiff executed a contract and agreement with the Secretary of Agriculture of the United States, commonly known and referred to as "Cotton Acreage Reduction Contract," which, was to be in force and effect for the years 1934 and 1935. This contract contains the following stipulation: "The producer shall endeavor in good faith to bring about the reduction of acreage contemplated in this contract in such a manner as to cause the least possible amount of labor, economic and social disturbance, and to this end, insofar as possible, he shall effect the acreage reduction as nearly ratably as practicable among tenants on this farm; shall, insofar as possible, maintain on this farm the normal number of tenants and other employees; shall permit all tenants to continue in the occupancy of their houses on this farm, rent free, for the years 1934 and 1935, respectively (unless any such tenant shall so conduct himself as to become a nuisance or a menace to the welfare of the producer); during such years shall afford such tenants or employees, without costs, access for fuel to such woods land belonging to this farm as he may designate; shall permit such tenants the use of an adequate portion of the rented acres to grow food and feed crops for home consumption for pasturage for domestically used livestock; and for such use of the rented acres shall permit the reasonable use of work animals and equipment in exchange for labor."

In the course of a well-written opinion the lower court used this language:

"It is proven to the court's satisfaction that the land involved in this ejectment suit was included in the contract between J. R. Miller and the Secretary of Agriculture, and it is further proven to the court's satisfaction that S. T. White was a tenant on this place at the time the contract was entered into in February, 1934, and it was proven to the court's satisfaction that the benefits of the contract, such as the payment of money, etc., were received by J. R. Miller.

"Under Civil Code, art. 1902, the following is stipulated:

" 'Stipulations for the benefit of third persons. But a contract, in which anything is stipulated for the benefit of a third person, who has signified his assent to accept it can not be revoked as to the advantage stipulated in his favor without his consent.'

"Article 1890 of the Civil Code stipulates:

" 'Stipulations for benefit of third parties. A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked.'

"Article 35 of the Code of Practice states as follows:

" 'An equitable action is that which does not immediately arise from a contract, but from equity, in favor of a third person, not a party to it, and for whose benefit certain stipulations have been made; thus, if one stipulated in a contract entered into with another person, and as an express condition of that contract, that this person should pay a certain sum on his account, or give a certain thing to a third person, not a party to the act, that third person has an equitable action against the one

who has contracted the obligation, to enforce the execution of the stipulation.'

"Our courts have held that a contract containing a stipulation 'pour autrui,' or for the benefit of third parties, are enforceable as an equitable action, and it naturally follows that, if a suit in equity can be based on a stipulation 'pour autrui,' that the same conditions and stipulations could be used as a proper defense in a legal action.

"So it becomes necessary to consider if this stipulation for the benefit of the tenant on the farm of the plaintiff was such a condition as could be enforceable and used as a bar to the plaintiff's action.

"Under the clear wording of section 7, it strikes the court as exceedingly clear that Mr. Miller, the plaintiff, contracted with the United States government through the Secretary of Agriculture and received benefits therefrom in consideration of the fact that he would give to his tenant certain benefits, among them of which the occupancy of the farm rent free was one, together with the right to use timber, to graze live stock, and to use the land 'acreage in the manner specified; and, if it was part and parcel of the contract that the government would pay for benefits which would be extended to these tenants, and, as proven in this case, the plaintiff received these benefits which were represented by money payments, then it naturally follows that he should be called on to carry out his part of the contract.

"The plaintiff takes the position that the occupancy of this particular defendant, S. T. White, came under the exception which said that, in case the tenant became a nuisance or a menace to the welfare of the producer, under those conditions the owner would not be forced to allow the tenant to occupy the premises.

"There is no proof before the court that this particular tenant became a nuisance or a menace in the ordinary everyday use of those words. The New Century Dictionary defines 'menace' as:

" 'A declaration or indication of a hostile intention or of a probable evil to come; a threat or something that threatens or has the effect of threatening to cause evil or harm.'

" 'Nuisance' is defined as:

" 'An injury, trouble, annoyance, also something offensive or annoying to individuals and in general any cause of trouble or annoyance.'

"Therefore under the definition of the words as above denoted, the defendant would not be considered a nuisance or a menace to the welfare of the producer due to the fact that the producer was very much satisfied with this tenant as long as the rent was paid. It would hardly be contended that it was judicial or fair that the mere failure to pay the rent (which rent, by the way, should not have been charged under the government contract) constitutes a menace or nuisance under the wording of said contract.

"This court thinks that the defendant as a tenant on the plaintiff's place for the year 1934–35 was entitled to occupy the premises and to enjoy the use of the land as stipulated in said contract, and, as this privilege has been paid for by the United States government, and as the defendant has accepted the benefits of same by residing thereon, and had not agreed to the annulment thereof, it naturally follows that the plaintiff is bound by the contract that he entered into and of which he enjoyed the benefits and fruits.

"Therefore this court holds that the special defense pleaded in this case is a bar to the plaintiff's action, and, for the reasons above assigned, the demands of the plaintiff are rejected at his cost.

"Minden, Louisiana, July 18, 1935.

"A. S. Drew, Judge, City Court of Minden, Ward Four, Webster Parish, Louisiana."

The soundness of the reasoning therein adopted seems to us unanswerable.

 After the foregoing opinion had been prepared and adopted by us, appellee filed a motion to dismiss the appeal on the ground that appellant had acquiesced in the judgment appealed from, in that he had recognized appellee as being his lessee by demanding of and receiving from him rent on the lands involved for the present year; and further thereby recognizing the right of appellee to remain in possession of said land until the expiration of 1935. The rule, well established, when considering motions of this character, is to remand the case for trial of the issue raised therein; but, since the judgment appealed from is in favor of mover, and we have affirmed it, no good purpose would be served by deferring final decree, which

would necessarily follow remanding of the case. Our duty is to overrule the motion and finally pass on the merits of the case. Motion denied. Hamilton v. His Creditors, 51 La. Ann. 1035, 25 So. 965.

For the reasons herein assigned, the judgment appealed from is affirmed, with costs.

DREW, J., not participating.