Plaintiffs, alleging ownership in themselves of a 51 acre farm in Avoyelles Parish and that defendant was occupying same without legal right, prayed that defendant be ruled to show cause why judgment of ejectment should not be entered ordering him to vacate the premises within twenty-four hours, and, in the event of failure to so vacate, that a writ of possession be issued to the sheriff, commanding him to take and deliver possession of the property to plaintiffs.
Defendant in his answer set up a contract to sell between himself and one of the plaintiffs, who subsequently became owner of the entire property, through sheriff's sale; alleging that under the terms of the contract his possession and occupancy were to be continuous until the promised sale was consummated and that no breach of the contract had occurred on his part, and, therefore, he should be maintained in possession.
The district judge overruled an exception of no cause or right of action and, after *Page 891 
trial, rendered judgment in favor of defendant. Plaintiffs appealed.
The present proceeding comes under Act 298 of 1938 which grants the right of summary ejection to landowners as against "* * * share-cropper, half hand, day laborer, or any occupant of land-holding through the accommodation of the owner, or any other occupant other than a tenant or lessee," who shall be in possession "* * * after the purpose of such occupancy and possession shall have ceased and terminated, whether for reason of breach or termination of contract or otherwise * * *."
[1, 2] Defendant in this Court has reurged exception of no cause or right of action which was overruled in the District Court. The petition alleges that the plaintiffs were owners of the property from which defendant was sought to be evicted. This was sufficient basis for overruling of the exception of no right of action. The petition further sets forth that the defendant is occupying the premises without any right thereto; that he refuses to deliver possession and that legal notice to vacate has been given. These allegations constitute a substantial compliance with the requirements of the legislative act, and the exception of no cause of action was properly overruled.
The entire evidence adduced at the trial consists of only four lines of testimony, which we quote in full:
"Q. Mr. Bordelon, you occupy the property that is in question in this proceeding? You are on the property? A. Yes sir.
"Q. You have no lease — you are not a tenant, are you? A. No sir."
In his first answer the defendant admitted he was occupying the property; the second question and answer showed that he was an occupant "other than a tenant or lessee." Plaintiffs offered no proof that the purpose of occupancy had ceased or terminated.
In the case of Miller v. White, 182 La. 837, 162 So. 638, the Supreme Court reversed a ruling of the Court of Appeal and held that, to successfully prosecute an ejectment proceeding, the landlord has the burden of proving that the relationship of landlord and tenant existed between the parties litigant and that the lease had expired or terminated; that in addition he must show that notice to vacate the premises had been served upon the lessee as required by law; citing Jackson Brewing Co. v. Wagner, 116 La. 51, 40 So. 528; Prudhomme's Heirs v. Walmsley, Man.Unrep. Cas. 374.
[3, 4] In order to avail themselves of the summary proceedings provided by Act 298 of 1938 (which is similar in nature to Act 55 of 1926 under which the Miller v. White suit, supra, was brought), it was incumbent upon plaintiffs to make the proof required by its terms. One of the essential requirements was that plaintiffs show that the purpose of defendant's occupancy and possession had "ceased and terminated, whether for reason of breach or termination of contract, or otherwise." Plaintiffs having failed to make the required proof, their demand was properly rejected.
Judgment affirmed with costs.