LE BLANC, Justice.
Relator filed a suit for divorce against his wife in the district court in and' for the Parish of Assumption basing his demand on the statutory ground of two years living separate and apart. In his petition he alleged that two children, one nine years of age and the other seven, were born of the marriage. Further he alleged that the defendant, his wife, was at fault for the separation and that for the several reasons set out by him, she is unfit to have the custody of the children.
In his application for a writ of mandamus to this Court, he alleged that on or about September 8, 1953, a motion for a *86 rule to show cause why he should not have the custody of the children was presented to the district judge on his behalf and that the judge refused to sign an order or issue 'a rule fixing a return day therefor. He then applied for the'writ which was granted with a rule on the district judge to show cause why the relief prayed for should not be granted.
In his return to this rule the district judge avers that the day on which the motion to fix the rule for custody was presented to him was the opening day of a criminal term of Court in Assumption Parish and that under the rules of Court which had been adopted for that district, conformably to LSA-R.S. 13:472, no civil cases could be tried during a criminal term and further he points out that in the case of Police Jury of Ascension Parish v. Manning, 16 La.Ann. 182, it was held that the district court is given a discretion under Article 756 of the Code of Practice in relation to the trial of summary cases with which the appellate court will not interfere. A rule for custody of minor children is a summary proceeding.
Article 756 of the Code of Practice provides as follows: “The cases which are to be decided in a summary manner shall not be set down on the ordinary' docket of suits, but are decided on days fixed for the purpose, and in a speedy manner, conformably to such special rules as each court may establish on the subject.” Clearly therefore, summary proceedings are not to be treated as ordinary suits when ft comes time to fix them for trial and to decide them. The article of the Code of Practice indicates that the practical thing for' each court to do would be to adopt special rules with regard to their trial. Certainly, as plainly stated in the Article itself, they are to be disposed of “in a speedy manner” and if circumstances attending the proceedings in the district court, such as the handling of a criminal docket, makes it impracticable to fix a summary matter for trial within ten days, let us say, that is no reason why the judge should refuse to set it down for hearing. He should fix a date within such time as he reasonably thinks the criminal business before his court will permit him to hear it.
In the absence of any showing that the rules of the district court from which this matter emanated provide for the trial of summary proceedings in a special manner we take it that there is no special rule on the subject and on this point we find the following statement by this court .in the case of Ricou v. Hart, 47 La.Ann. 1370, 17 So. 878, 879, to be pertinent: “The court a qua had no rule fixing days for the trial of summary cases. Although rules of court have the force of law, a rule excluding ordinary cases from trial during certain days does not necessarily apply to a summary case.”
The alternative writ was properly granted herein and it is now made peremptory.
*88 For the reasons stated it is ordered that a writ of mandamus issue herein commanding the Honorable Clyde V. St. Amant, Judge of the Twenty-third Judicial District Court in and for the Parish of Assumption to sign the motion and order presented to him in this proceeding and to fix a return day for the trial of the rule for custody on a date which will be not less than ten nor more than fifteen days from the date of issuance of said writ.